TEXACO, INC., Petitioner,

v.

**CENTRAL POWER & LIGHT COMPANY, Respondent.**

No. 95–0434.

Supreme Court of Texas.

Argued Oct. 12, 1995.

Decided May 16, 1996.

Rehearing Overruled Aug. 16, 1996.

Industrial Electric sent its employee, Eduardo Espinoza, to do the job. Espinoza was severely burned when he brushed against an electrically charged line provided by Central Power and Light Company. He and his wife sued CP & L, Texaco, and a Texaco employee for damages arising from his injuries. In turn, CP & L filed a cross-claim against Texaco, demanding full indemnity from Texaco based on CP & L's interpretation of a tariff on file with the Public Utility Commission. Texaco filed an answer denying CP & L's cross-claim.

When the trial court called the case for trial, attorneys for all parties, including Texaco, announced ready. The lawyers informed the court that they had some matters to resolve, and the court asked the attorneys to be back at noon. When the hearing resumed, the court asked the whereabouts of some of the attorneys, apparently referring to Texaco's lawyers. The attorney for the Espinozas informed the court that they had settled with Texaco. A jury was empaneled that afternoon, and the court recessed for the day.

Joy M. Soloway, Houston, W. Wendell Hall, San Antonio, for Petitioner.

Russell H. McMains, G. Don Schauer, Corpus Christi, Stacy L. Keaton, Houston, for Respondent.

GONZALEZ, Justice, delivered the opinion for a unanimous Court.

In this case we consider whether Texaco may appeal to the court of appeals by writ of error, a method of appeal reserved for those who did not participate "in the actual trial of the case in the trial court." TEX.R.APP.P. 45(b). The court of appeals dismissed Texaco's appeal, holding that Texaco participated at trial and therefore was disqualified to appeal by writ of error. 897 S.W.2d 854. We disagree. We reverse the judgment of the court of appeals and remand the cause for consideration of Texaco's points of error.

## I.

Texaco hired an independent contractor, Industrial Electric Company, to repair a transformer bank located on a Texaco lease.

The court began to hear testimony the next morning. In the afternoon, the trial court conducted a hearing on Texaco's settlement out of the presence of the jury. An attorney for Texaco had come to court to confirm the settlement between Texaco and the Espinozas. He announced that the settlement was for $350,000 and that the agreement indemnified Texaco against any claim by the workers compensation carrier. The trial court was apparently under the impression that the settlement ended Texaco's involvement in the case. When the judge approved the settlement, he told Texaco's lawyer he could "go back to work or take the day off [or] whatever." The record does not show whether CP & L's attorney was present at the hearing. Texaco's lawyers did not attend the remainder of the trial.

On the last day of trial, CP & L filed a motion to take judicial notice of the tariff on file with the Public Utility Commission, which CP & L claimed established Texaco's duty to indemnify it. It served the motion

on Texaco's lawyers. The jury returned a verdict shortly after midnight, allocating twenty percent of the negligence to CP & L, fifty percent to Texaco, and thirty percent to Espinoza. It found the Espinozas' damages to be $1,129,033.

No party filed a post-verdict motion. The court's judgment recites that all parties announced ready. The judgment further states:

> It also appearing that Defendant Texaco, Inc. had settled [its] portion of this case with the Plaintiffs prior to the selection of a jury [for $350,000], and further that Defendant Central Power and Light Company had elected to take such settlement in the form of a credit equal to the total amount of such settlement pursuant to § 33.012(b)(1) of the Texas Civil Practice and Remedies Code.... It further appeared to the Court that Defendant Central Power and Light Company had established that it was entitled to indemnification from Texaco, Inc. by virtue of [its] tariff on file with the Public Utility Commission which set forth the responsibilities and relationship between the parties thereto; which tariff was admitted into evidence and of which this Court took judicial notice. Under such indemnity provisions, Texaco, Inc. owes Central Power and Light Company complete indemnity for all amounts due and payable to the Plaintiffs Eduardo Erasmo Espinoza and Hilda Jean Espinoza.

After adjusting for percentage liability and Texaco's settlement, the judgment awarded the Espinozas $534,414.50 from CP & L. However, the judgment directed that CP & L recover from Texaco all sums payable under the judgment.

The record does not show whether Texaco received notice of the judgment or, if it did, why it did not pursue an ordinary appeal. On the last day of the trial court's plenary power, the Espinozas and CP & L filed an "Agreement in Contemplation of Appeal" by which CP & L reserved the right to appeal only if Texaco appealed.

Nearly six months after the trial court rendered its judgment, Texaco sought to appeal by writ of error to the court of appeals.

The court of appeals, with one justice dissenting, concluded that Texaco's participation in the trial was such that it was barred from an appeal by writ of error. 897 S.W.2d at 863–64. The dissenting justice, joined by two justices on the denial of rehearing en banc, would have interpreted the nonparticipation requirement liberally in favor of the right to appeal. *Id.* at 864 (Rickhoff, J., dissenting); *id.* at 865 (Duncan, J., dissenting on motion for rehearing, joined by Rickhoff and Green, JJ.). We granted writ to clarify the requirements for an appeal by writ of error.

## II.

Rule 45 of the Texas Rules of Appellate Procedure extends the right to appeal by writ of error to a party to the suit, who did not participate in the actual trial, within six months of the judgment. TEX.R.APP.P. 45. Although the writ is of common-law origin, the restriction on its use to parties who did not participate at trial was imposed by the Legislature in 1939. Act of May 31, 1939, 46th Leg., R.S., ch. 2, 1939 Tex.Gen.Laws 59, (current version at TEX.R.APP.P. 45(b)). To appreciate the purpose of the 1939 enactment, it is important to understand the practice of appeal by writ of error as it existed before that time.

Before the 1939 enactment, an appellant could opt to appeal by writ of error rather than take an ordinary appeal and suffer no adverse consequences. STAYTON, METHODS OF PRACTICE IN TEXAS COURTS § 383, at 431 (Vernon 1935). A party could receive the same review and obtain the same relief by writ of error as by appeal. *Ward v. Scarborough*, 236 S.W. 441, 444 (Tex.Comm'n App. 1922, judgm't adopted) (holding that writ of error and ordinary appeal "perform the same office ... for revision of all rulings of the trial court"); STAYTON, *supra* § 383, at 431 (stating that writ of error "is a purely cumulative remedy in Texas"). The two coexisting methods of appellate review appear to be due to early attempts by the Supreme Court and the Legislature of the Republic of Texas to reconcile English common-law traditions with institutions derived from Spanish civil law. *See Taylor v. Duncan*, Dallam 514, 516 (Tex.

1843); *Bailey v. Haddy*, Dallam 376, 378 (Tex.1841). Regardless of the original reasons for the practice, however, lawyers found ways to abuse the dual system of appeals to achieve delay. *See Salvaggio v. Brazos County Water Control & Improvement Dist.*, 598 S.W.2d 227, 229 (Tex.1980) (discussing early abuses of writ of error). By the 1930s the availability of appeal by writ of error was perceived in some quarters as anachronistic. *See* STAYTON, *supra* § 386, at 435 (stating that "[s]upport for existence of this alternative method can only be found in a policy to protect against mischance with regard to the perfection of appeal"). It was in this setting that the Legislature acted to differentiate writ of error from an ordinary appeal.

The senate first proposed an act "withdrawing from appearing party" the right to appeal to the court of appeals by writ of error. S.J. OF TEX., 46th Leg., R.S. 128 (1939). The house, however, responded with a proposal that the bill deny review by writ of error to a "party who participates either in person or by his attorney in the actual trial of the case." H.J. OF TEX, 46th Leg., R.S. 2790 (1939); S.J. OF TEX., 46th Leg., R.S. 1408 (1939). The bill was passed in roughly the form proposed by the house, over the governor's veto. Act of May 31, 1939, 46th Leg., R.S., ch. 2, 1939 Tex.Gen.Laws 59 (current version at TEX.R.APP.P. 45(b)). The Legislature included an emergency clause to make the act effective upon passage because of the "need that delay of justice be not caused by parties who should reasonably use appeal instead of writ of error." *Id.* at 1638.

Two years later this Court interpreted the 1939 enactment in the landmark case of *Lawyers Lloyds v. Webb*, 152 S.W.2d 1096 (Tex. 1941). In that case, a surety who had not taken any part in the suit before filing a motion for new trial sought to appeal by writ of error. Our Court concluded:

> The *actual trial* of a case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. The statute was intended to cut off

the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.

*Id.* at 1097–98.

### III.

An appeal by writ of error is typically an appeal of a default judgment, in which participation is rarely a disputed issue. The question becomes more difficult when a party participates in some but not all of the proceedings in the trial court. The nature and extent of participation that precludes appeal by writ of error in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985). As our Court indicated in *Lawyers Lloyds*, a party's participation in a proceeding decided as a matter of law may be very different than one tried to a jury. *Lawyers Lloyds*, 152 S.W.2d at 1097–98. For example, a summary judgment is decided on the evidence presented in support of, or in reply to, the motion for summary judgment. A party may not present new evidence at the summary judgment hearing, and a statement of facts of the hearing is not necessary for appeal. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). Consequently, a party who has taken part in all steps of a summary judgment proceeding except the hearing on the motion has participated in the "actual trial" that determined the parties rights. *Stubbs*, 685 S.W.2d at 645. On the other hand, participation in a case tried to a jury requires some degree of involvement in the "hearing in open court ... on the questions of fact." *Lawyers Lloyds*, 152 S.W.2d at 1097. As some courts have aptly phrased it, the question is whether the appellant has participated in "the decision-making event" that results in judgment adjudicating the appellant's rights. *See, e.g., Serna v. Webster*, 908 S.W.2d 487, 492 (Tex. App.—San Antonio 1995, no writ); *Canadian*

*Triton Int'l, Ltd. v. JFP Energy, Inc.*, 888 S.W.2d 235, 236 (Tex.App.—El Paso 1994, no writ); *Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1990, no writ).

■ Texaco and CP & L agree that the Espinozas' jury trial establishing liability against CP & L, resulting in judgment against Texaco, is the relevant decision-making event. CP & L argues that Texaco participated in the trial by (1) answering CP & L's counterclaim, (2) announcing ready for trial, (3) appearing before the court to announce settlement, (4) receiving CP & L's motion to take judicial notice of the PUC tariff that was the basis of CP & L's indemnity claim, and (5) receiving the trial court's judgment. CP & L concedes that some of these events by themselves may not be participation, but argues that cumulatively they preclude Texaco from appealing by writ of error. We disagree.

The court of appeals held that Texaco participated in the trial that resulted in judgment by announcing ready and appearing before the court to announce settlement with the Espinozas. The court reasoned that Texaco's announcement of ready was a general appearance for all purposes, and Texaco was not entitled to choose the issues in which it participated. 897 S.W.2d at 863. While Texaco's announcement may have been a general appearance, it does not follow that Texaco thereby participated at trial. As discussed previously, the Legislature rejected mere appearance in favor of participation at the actual trial as the standard for precluding writ of error appeal. S.J. OF TEX., 46th Leg., R.S. 128 (1939).

■ The court of appeals further concluded that writ of error is not available to those who intentionally or negligently elect not to participate in their trial, relying on a line of decisions which hold that an appeal by writ of error is unavailable to those who fail to exercise due diligence or suffer judgment because of their own fault. *See, e.g., Girdley v. Southwestern Bell Yellow Pages, Inc.*, 869 S.W.2d 409, 411 (Tex.App.—El Paso 1993, writ denied); *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d 948, 951 (Tex.App.—Houston [14th Dist.] 1993, no writ); *see also*

*Noriega v. Cueves*, 879 S.W.2d 192, 193–94 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Those cases erroneously presuppose that there is some sort of equitable component to appeal by writ of error. Appeal by writ of error is not an equitable proceeding such as bill of review, the object of which is to set aside an unfair judgment. Rather, writ of error is "but another mode of appeal." *Smith v. Smith*, 544 S.W.2d 121, 122 (Tex.1976). As in an ordinary appeal, a writ of error appellant is not required to show diligence or lack of negligence before its complaints will be heard. *Pace Sports, Inc. v. Davis Bros. Publishing Co.*, 514 S.W.2d 247, 247–48 (Tex.1974). In *Stubbs*, the appellant signed a waiver of citation and an agreement incident to divorce, thereby deliberately foregoing participation at trial. *Stubbs*, 685 S.W.2d at 644. We held that she was entitled to an appeal by writ of error, a holding which illustrates that it is the *fact* of nonparticipation, not the reason for it, that determines the right to appeal by writ of error.

The lack of a special requirement of diligence in writ of error appeals is not likely to encourage intentional misconduct or negligence. It is doubtful that a party would forego participating in the trial merely to gain extra time to prepare the appellate brief. Absent parties do not participate in jury selection, examination of witnesses, presentation of evidence, or jury argument. A party who does not participate in trial cannot ensure that critical issues are fully reviewable on appeal. In short, the availability of an appeal by writ of error is not a significant incentive to avoid participation in the trial.

■ The policy behind the nonparticipation requirement is to deny appeal by writ of error to those who should reasonably resort to the quicker method of appeal. *Lawyers Lloyds*, 152 S.W.2d at 1098. In *Lawyers Lloyds*, our Court made a practical distinction between those who should use the speedier ordinary appeal and those who may appeal by writ of error. Specifically, the Court focused on whether the prospective appellant was likely to need more time to prepare for the appeal:

Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. For example: One who participates in the *hearing of the evidence* will be familiar with the facts introduced upon the trial and can immediately begin the preparation of his appeal.

*Lawyer Lloyds,* 152 S.W.2d at 1098 (emphasis added). The distinction based on familiarity with the record means that, in a jury trial, an appellant who does not participate in the hearing of evidence that leads to an unfavorable judgment is not disqualified from writ of error.

The court of appeals disputed Texaco's need to appeal by writ of error because Texaco had notice of CP & L's theory of indemnity from service of the motion to take judicial notice and receipt of the judgment. However, CP & L's liability to the Espinozas and the amount of damages which CP & L seeks to pass on to Texaco were established through the evidentiary stage of trial. Texaco is in no better position to prepare those issues for appeal than if it had never announced ready for trial, never appeared to inform the court of settlement, or never received notice of CP & L's theory of judgment. Because Texaco did not participate in the trial that led to judgment against it, we hold it may appeal by writ of error. Accordingly, we reverse the court of appeals' judgment of dismissal and remand the cause for consideration of Texaco's points of error.