TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00722-CV






Stephen C. Kuhns, Appellant



v.



Dripping Springs Independent School District, Hays County, Donald F. Carnes

and Bank One Texas, N.A., Appellees





FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 4862, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING 






PER CURIAM


 By writ of error, Stephen Kuhns (1) appeals from the trial-court order striking his
intervention in a suit to collect delinquent ad valorem taxes. Kuhns participated in the trial-court
proceedings to a degree that prevents appeal by writ of error. See generally Texaco, Inc. v.
Central Power & Light Co., 925 S.W.2d 586, 589-91 (Tex. 1996) (discussing history of non-participation requirement). He did not file a perfecting instrument within the time limits, regular
or extended, for an ordinary appeal. See Tex. R. App. P. 26.1, 26.1(a)(1). The timely perfection
of an appeal is a prerequisite to invoking appellate-court jurisdiction. See Davies v. Massey, 561
S.W.2d 799, 800 (Tex. 1978) (to perfect appeal, necessary and jurisdictional to file cost bond
within thirty days when no motion for new trial filed); White v. Schiwetz, 793 S.W.2d 278, 279
(Tex. App.--Corpus Christi 1990, no writ). Because our jurisdiction has not been invoked, we
will dismiss the appeal. (2) See Tex. R. App. P. 42.3(a) (involuntary dismissal for want of
jurisdiction). 

 Stephen Kuhns intervened and cross-claimed in an ad valorem tax suit brought by
Dripping Springs Independent School District. Kuhns did not dispute that the taxes were owed
on the property in question, title to which is held by a trust. Kuhns attempted to have a new
trustee appointed through his intervention. Carnes, as trustee for the trust owning the property,
moved to strike Kuhns' intervention. Kuhns responded to that motion, which the court granted. (3) 
Kuhns filed a document labeled "Objection to Non-Suit and Proposed Settlement." (4) Kuhns filed
a timely motion for new trial and an untimely request for findings of fact and conclusions of law,
followed by a notice of past due findings of fact and conclusions of law. He did not attempt to
perfect appeal until November 12, 1997, six months after the judgment was signed.

 A party who did not participate in the hearing that resulted in the judgment
complained of and who did not timely file a postjudgment motion may file a restricted appeal. 
Tex. R. App. P. 30. (5) Kuhns perfected his appeal after the effective date of the new rules of
appellate procedure, but the judgment was signed before the effective date. Kuhns urges he
should be entitled to proceed under former Rule 45, which would not have barred the use of a writ
of error based on filing a motion for new trial. (6) However, under either former Rule 45 or current
Rule 30, limits are imposed on a party's degree of participation in the proceeding from which that
party appeals.

 "No party who participates . . . in the actual trial of the case . . . shall be
entitled to review by the court of appeals through means of writ of error." Former Rule 45. This
provision was mandatory, jurisdictional, and could not be waived. Lambda Const. Co. v.
Chamberlin Waterproofing and Roofing Systems, Inc., 784 S.W.2d 122, 124 (Tex. App.--Austin
1990, no writ). The extent and nature of participation that precludes appeal by writ of error in
any particular case is a matter of degree because cases are decided in a variety of procedural
settings. Texaco, 925 S.W.2d at 589. In determining whether a party can pursue a writ of error,
the question is whether the appellant has participated in the "decision-making event" that resulted
in the judgment adjudicating the appellant's rights. Id.

 The requirement was not intended to cut off the right of those who discover that
a judgment has been rendered against them and, after the judgment has been rendered, participate
only to the extent of seeking a new trial. Lawyers Lloyds v. Webb, 152 S.W.2d 1096, 1097-98
(Tex. 1941). The policy behind the nonparticipation requirement is to deny appeal by writ of
error to those who should reasonably resort to the quicker method of appeal. Texaco, 925 S.W.2d
at 590; Lawyers Lloyds, 152 S.W.2d at 1098. An important concern is whether the prospective
appellant was likely to need more time to prepare for the appeal because of a lack of familiarity
with the record that led to the decision. Lawyer Lloyds, 152 S.W.2d at 1098.

 As stated in Texaco:


 An appeal by writ of error is typically an appeal of a default judgment, in which
participation is rarely a disputed issue. The question becomes more difficult when
a party participates in some but not all of the proceedings in the trial court.



925 S.W.2d at 589. Kuhns participated in some way, albeit unsuccessfully, in all of the trial court
proceedings. Kuhns filed a notice of appearance and a plea of intervention. He responded to the
motion to strike his intervention. He objected to the judgment and filed several postjudgment
motions to which his opponents responded. Kuhns has been involved in extensive litigation, both
in state and federal court, concerning this property, the trust that owns it, and authority to act for
the trust. Thus, when Carnes moved to strike Kuhns' intervention for lack of an ownership
interest in the property, Kuhns was already familiar with the issues involved. His filings make
it clear that he understood that taxes were delinquent on the piece of property at issue; he desired
to relitigate issues whether Carnes or Bank One was the proper trustee. (7)

 Kuhns' participation was more than that of a litigant who discovers a default
judgment and does nothing more than file a motion for new trial. He was familiar with the record
that led to striking his intervention and the judgment on the merits of the tax suit. Neither the
rules nor the policies behind the rules provide support for allowing Kuhns to avail himself of the
extended timetable provided by an appeal by writ of error. His notice of appeal, filed six months
after the judgment was signed, was late, did not properly perfect an appeal, and does not confer
jurisdiction on this Court.

 Accordingly, we dismiss the appeal for want of jurisdiction. See Tex. R. App. P.
42.3(a).



Before Chief Justice Yeakel, Justices Aboussie and Jones


Appeal Dismissed for Want of Jurisdiction


Filed: April 16, 1998


Do Not Publish
1. Kuhns represents himself pro se, which does not excuse him from complying with applicable 
rules of procedure: "Neither is it [the right of self-representation] a license not to comply with
the relevant rules of procedural and substantive law." Faretta v. California, 422 U.S. 806, 834
n. 46 (1975). As stated by the Texas Supreme Court:


 There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves
must comply with the applicable procedural rules, or else they would be given an
unfair advantage over litigants represented by counsel.


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). We have, however, 
allowed Kuhns to file handwritten documents that do not conform to the rule governing the form
of documents. See, e.g., Tex. R. App. P. 9.4(e) (specifying size of typeface). But see Tex. R.
App. P. 2 (may suspend rules).
2. This Court, by letter, questioned its jurisdiction, raised the possibility of dismissal, and gave
the parties ten days to argue the issue or to supply any documents that might have been omitted
from the record as originally tendered that would show jurisdiction. See Tex. R. App. P. 42.3,
42.3(a) (appellate court may dismiss for want of jurisdiction on its own initiative afer giving ten
days' notice to the parties).
3. Kuhns could not appeal the order striking his intervention until after the final judgment was
signed. See Metromedia Long Distance, Inc. v. Hughes, 810 S.W.2d 494, 499 (Tex. App.--San
Antonio 1991, writ denied); League of United Latin American Citizens v. Lo-Vaca Gathering Co.,
527 S.W.2d 507, 508 (Tex. Civ. App.--San Antonio 1975, writ ref'd n.r.e.), cert. denied, 425
U.S. 959 (1976). Therefore, even if he had participated no further, his timetable to perfect an
appeal concerning the intervention did not begin until the final judgment was signed.
4. Although the judgment is labeled "Agreed Judgment," the judgment recited that the court
considered the evidence, including certified copies of the delinquent tax roll and concluded that
the answers of the defendant failed to raise any defense to the taxing authority's prima facie case. 
See Tex. Tax Code Ann. § 33.47(a) (West 1992) (taxing unit's current tax roll and delinquent tax
roll or certified copies of the entries showing the property and the amount of the tax imposed
constitute prima facie evidence that the mount alleged to be delinquent is correct). This cause
might be closer to an agreed case under Texas Rules of Civil Procedure 263; there do not appear
to have been actual settlement negotiations from which Kuhns was excluded.
5. The earlier version of the rule termed the process an appeal by writ of error. Tex. R. App.
P. 45, 49 Tex. B. J. 556 (1986) ("former Rule 45"). Rule 30 provides that restricted appeals
replace writ of error appeals and that the statutes pertaining to writ of error appeals apply to
restricted appeals.
6. The applicable portion of Rule 2 of the order adopting the new rules of appellate procedure
says: "These amended rules take effect September 1, 1997, and apply fully to any appeal
perfected on or after that date and any proceeding initiated in an appellate court on or after that
date." Misc. Docket 97-9134, Order, "Final Approval of Revisions to the Rules of Appellate
Procedure," (Tex. August 15, 1997), 60 Tex. B. J. 876 (1997) (emphasis added). However, Rule
8 allows for the suspension of the amended rules. Id. At the time that Kuhns filed his motion for
new trial, that action alone would not have barred his access to appeal by writ of error. However,
as discussed in the main body of the opinion, under either the old nor the new rule, Kuhns degree
of participation prevented him from availing himself of a writ of error.
7. The clerk's record contains: (1) "Order Determining Authority of Trustee," rendered in
cause number 58,111 in Probate Court Number One of Travis County, signed April 11, 1995,
finding Donald Carnes the trustee; (2) the final judgment in No. A-93-CA-310-SS in the United
States District Court for the Western District of Texas, Austin Division, a take-nothing judgment
against Kuhns in claims against Bank One, the previous trustee, signed July 17, 1995; (3) an order
in the same cause, dated July 18, 1996, overruling several motions for new trial, in which the
court noted that the fifth circuit had dismissed plaintiff's appeal and stated that the time had come 
for Kuhns to understand the litigation against Bank One was over.



cedure: "Neither is it [the right of self-representation] a license not to comply with
the relevant rules of procedural and substantive law." Faretta v. California, 422 U.S. 806, 834
n. 46 (1975). As stated by the Texas Supreme Court:


 There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves
must comply with the applicable procedural rules, or else they would be given an
unfair advantage over litigants represented by counsel.


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). We have, however, 
allowed Kuhns to file handwritten documents that do not conform to the rule governing the form
of documents. See, e.g., Tex. R. App. P. 9.4(e) (specifying size of typeface). But see Tex. R.
App. P. 2 (may suspend rules).
2. This Court, by letter, questioned its jurisdiction, raised the possibility of dismissal, and gave
the parties ten days to argue the issue or to supply any documents that might have been omitted
from the record as originally tendered that would show jurisdiction. See Tex.