NO. 07-00-0325-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 16, 2001

______________________________

SHOLEH HUBER, APPELLANT

V.

JOHN KUBALA D/B/A KUBALA AND COMPANY, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF HARRIS COUNTY;

NO. 719,912; HONORABLE GARY MICHAEL BLOCK, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

By this restricted appeal, appellant Sholeh Huber challenges a summary judgment that appellee John Kubala d/b/a Kubala and Company, recover $8,335.70 plus attorney’s fees in Kubala’s action based on contract.  By three issues, Huber contends (1) she is entitled to a restricted appeal, (2) the summary judgment motion was not supported by competent summary judgment evidence, and (3)  reversal is required because the clerk’s notice of judgment erroneously stated that judgment had been rendered in her favor.   Based upon the rationale expressed herein, we reverse and remand.

Huber engaged Kubala to assist her in the settlement of her insurance claim for  damage to her property and agreed to pay Kubala ten percent of the settlement.  Contending that Huber had defaulted in her payment obligation, Kubala filed suit on the written contract and Huber answered with a general denial.  According to Kubala’s  certificate of discovery, request for admissions were served on Huber’s counsel.  Then, contending that the request for admissions served on Huber were deemed admitted because Huber did not respond, Kubala filed his motion for summary judgment. The summary judgment evidence included (1) a copy of the written contract, (2) request for admissions which Kubala contended were deemed admitted, (3) certified mail return receipt “green card,” and (4) an affidavit of attorney’s fees.  Huber did not file any response to the motion for summary judgment and did not appear at the hearing in person or by counsel. The trial court signed the judgment on December 15, 1999.  Pursuant to Texas Rule of Civil Procedure 306a(3), notice of judgment was sent by the Harris County Clerk to the parties, filed December 15, and provided as follows:

DATE: DECEMBER 15, 1999

DOCKET NO. 719912-001

C.C.C.I. NO. 2

FINAL   JUDGMENT

IN FAVOR OF 
DEFENDANT
(footnote: 1)

*   *   *

- NOTICE OF JUDGMENT -

Texas Rules of Court require me to notify you that a Judgment has been rendered in the above and numbered style.

After the notice of judgment in favor of “defendant” was mailed, Huber, the defendant, did not file a motion for new trial.  After Kubala commenced post-judgment discovery proceedings, Huber’s attorney withdrew and Huber then engaged another attorney, who presents this restricted appeal.

Restricted Appeal

By her first issue, Huber contends that she is entitled to a restricted appeal because it was timely filed, she did not participate in the summary judgment proceeding, and harmful error is apparent on the face of the record.   We agree.  The purpose of a writ of error, now restricted appeal,
(footnote: 2) is to protect a party that did not participate in the trial of the matter and did not discover that a judgment had been rendered against it until after the judgment was signed.  Jackson v. Biotectronics, Inc., 937 S.W.2d 38, 42 (Tex.App.--Houston [14th Dist.] 1996, no writ).  A direct attack on the judgment by writ of error must (1) be brought within six months after the judgment was signed, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be “apparent from the face of the record.”  Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (Vernon 1986); Tex. R. App. P. 26.1(c);Tex. R. App. P. 30; General Electric v. Falcon Ridge Apts., 811 S.W.2d 942, 943 (Tex. 1991).  Because Kubala does not deny Huber’s factual allegations regarding the first three requirements, and the fact statement that the request for admissions sent to Huber were not signed, we accept the factual allegations as true.  Tex. R. App. P. 38.1(f).  Accordingly, only the last requirement is at issue here.

  For purposes of a restricted appeal, the “face of the record” includes all papers on file in the appeal.  Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). Kubala does not contend that error does not appear on the “face of the record” but rather, without citation of any authority, he contends that Huber is not entitled to prosecute this restricted appeal because she was not diligent in filing the restricted appeal after she became aware of the judgment when the post-judgment discovery was ordered.  However, a restricted appeal is not an equitable proceeding, but is another mode of appeal in which an appellant is not required to show diligence or lack of negligence before its complaint will be heard.  Texaco, Inc. v. Central Power and Light Co., 925 S.W.2d 586, 590 (Tex. 1996).  Moreover, in Primate Construction, Inc. v. Silver, 884 S.W.2d 151 (Tex. 1994), the Court held that because the sheriff’s return showed that the defendant had been served with a version of plaintiffs’ petition in which defendant was not named, demonstrated error on the “face of the record.”  Similarly, the clerk’s record  here includes the erroneous notice of judgment sent pursuant to Texas Rule of Civil Procedure 306a(3) stating that judgment was rendered in favor of “defendant,” Huber.  Because the “face of the record” shows that the notice of judgment erroneously indicated that judgment had been rendered for “defendant” Huber, issue one is sustained.

Summary Judgment

By her second issue, Huber contends she is entitled to a reversal of the judgment because it was based on a summary judgment motion that was not supported with competent summary judgment evidence.  We agree.  Summary judgments must stand on their own merits, and failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant’s right. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979).  Huber’s failure to respond or answer cannot be the basis of Kubala’s summary judgment proof necessary to establish his right. 
Id
. 

           By his motion for summary judgment, Kubala contended that he was entitled to summary judgment because the request for admissions were deemed admitted.  Among other things, Texas Rule of Civil Procedure 191.3(d) requires that the request for admissions be signed and concludes that:

A party is not required to take any action with respect to a request or notice that is not signed.

Because Kubala did not dispute Huber’s factual allegation, that the request for admissions were not signed, pursuant to Rule 38.1(f) of the Texas Rules of Appellate Procedure, we accept Huber’s assertion as true.    Because Huber was not required to take any action with respect to the request for admissions, they were not deemed admitted and, as a result,  the summary judgment was not supported by competent summary judgment evidence.  Issue two is sustained.  Our sustention of issues one and two pretermits our consideration of Huber’s third issue. 

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
Emphasis added.

2:
See
 Tex. R. App. P. 30, formerly Tex. R. App. P. 45.