In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-157 CV


____________________



DAN THOMAS, Appellant



V.



P. YOUNG, B. SPITALERI, AND G. WILEY, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV 21,468






MEMORANDUM OPINION (1)


 This is a restricted appeal from the denial of a petition for deposition to perpetuate
testimony. In response to our jurisdictional inquiry, the appellant contends that restricted
appeal is available because he did not participate in the "trial." The appellant, Dan
Thomas, also filed a brief in which he contends that the trial court had a mandatory duty
to grant the petition for deposition. The appellant's brief also argues that any dismissal of
his petition is improper because the petition is ancillary to the anticipated suit. We find
that the appellant is precluded from pursuing a restricted appeal, and dismiss the appeal
for lack of jurisdiction. 

 A restricted appeal is available only from a final judgment. Federated Mut. Ins.
Co., Inc. v. Davenport, 85 S.W.3d 837, 838-39 (Tex. App.- Waco 2002, no pet.). If the
order appealed is interlocutory, this appeal was not timely perfected and must be
dismissed. (2) 

 To qualify for a restricted appeal from a final judgment, the appellant must not have
participated in the hearing that resulted in the judgment. Tex. R. App. P. 30. The pivotal
question to be answered when analyzing the participation requirement of a restricted appeal
is whether appellant took part in the decision-making event that results in the adjudication
of his rights. Texaco, Inc. v. Central Power & Light Co., 925 S.W.2d 586, 589 (Tex.
1996). The fact of nonparticipation, not the reason for it, determines the right to a
restricted appeal. Id. at 590. 

 Where a party participates in all necessary steps of the proceeding, his non-participation at a hearing does not negate the fact of his participation in the decision-making event. Clopton v. Pak, 66 S.W.3d 513, 516 (Tex. App.- Fort Worth 2001, pet.
denied). In this case, the petition asked the trial court to "order the clerk to serve a
subpoena upon the defendants to compel the deposition by plaintiff on a date and time, set
by the court's official court reporter, at the Polk County Courthouse, and that a bench
warrant issue to compel plaintiff attendance at the hearing for disposition for perpetuating
testimony ... ." Thomas did not request a setting for a hearing on his petition, and the trial
court entered an order without conducting a hearing. Because there was no hearing to be
conducted, Thomas's participation was complete when he filed the petition. (3) See Stubbs
v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985) ("[T]he extent of participation in the actual
trial of the case ... is a matter of degree. For example, taking part in all steps of summary
judgment proceeding except appearance at hearing on the motion for summary judgment,
... or confession of judgment by attorney of record, ... constitutes participation."). 


 We hold that Thomas cannot pursue a restricted appeal. The notice of appeal filed
almost five months after denial of the petition for deposition failed to invoke our appellate
jurisdiction. Accordingly, the appeal is dismissed for lack of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM


Submitted on August 13, 2004

Opinion Delivered August 26, 2004

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. The trial court denied the petition for deposition and did not dismiss the petition
as the appellant claims in his brief. The appellant acknowledges that he failed to file the
anticipated suit within the time required for claims subject to the written grievance system. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002). The filing of a
petition to perpetuate testimony does not toll limitations. Citizens State Bank of Dickinson
v. Shapiro, 575 S.W.2d 375, 385 (Tex. Civ. App.- Tyler 1978, writ ref'd n.r.e.)
(Applying former Texas Rule of Civil Procedure 187). We do not decide in this appeal
whether the same rule would apply in the context of Section 14.005 and Rule 202. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b); Tex. R. Civ. P. 202. If the filing date
of the suit does not relate back for purposes of Section 14.005, Rule 202 may be a poor
vehicle for inmates filing suits subject to the grievance procedure. 
3. We express no opinion on whether it would be error for the trial court to order
a pre-suit deposition without first conducting a hearing. Because we dispose of this appeal
on the grounds that the notice of appeal was not timely filed, we do not reach the issue of
whether a regular appeal is available for orders of this kind.