

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00199-CV

**BRUCE WAYNE LONG,**

                                                                        **Appellant**

 **v.**

**TDCJ-ID, R. GUNNELS, C. POPP, AND T. PUCKETT,**

                                                                        **Appellees**

From the 12th District Court
Walker County, Texas
Trial Court No. 24,230

## MEMORANDUM OPINION

Bruce Wayne Long filed suit against TDCJ, R. Gunnels, T. Puckett, and C. Popp alleging wrongful confiscation of his personal property. On March 28, 2010, the trial court signed an order granting TDCJ's Motion to Strike its Answer, Motion to Dismiss, and Motion to Sever, thereby dismissing TDCJ from the lawsuit. On March 26, 2010, the trial court signed an order granting the Motion to Dismiss and No Evidence Motion for Summary Judgment filed by Gunnels, Puckett, and Popp. Long seeks to appeal from the March 26 order. We dismiss for want of jurisdiction.

Long filed his notice of appeal on May 20, 2010. The notice of appeal was more than 30 days after the trial court signed the judgment and was not timely. TEX. R. APP. P. 26.1. In his brief, Long states that he is appealing pursuant to TEX. R. APP. P. 26.1(a), 26.1(c), and 30. The notice of appeal was also not timely under TEX. R. APP. P. 26.1(a) because Long did not file a motion for new trial, a motion to modify the judgment, motion to reinstate under Texas Rule of Civil Procedure 165a, or a request for findings of fact and conclusions of law.

In his brief, Long states that he is filing a restricted appeal. To prevail on a restricted appeal, Long must show: (1) the notice of restricted appeal was filed within six months of the date of the judgment or order; (2) he was a party to the suit; and (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file a post-judgment motion or request for findings of facts and conclusions of law. TEX. R. APP. P. 26.1(c); TEX. R. APP. P. 30. In addition, the error complained of must be apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

To determine whether Long meets the non-participation requirement of a restricted appeal, we ask whether he took part in the decision-making event that resulted in the adjudication of his rights. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). The nature and extent of participation necessary to preclude a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings. *Texaco, Inc v. Central Power & Light Co.*, 925 S.W.2d at 589. The decision-making event is the proceeding in which

the questions of law and fact are decided. *Id.* In a summary judgment case, the decisions are made on the evidence presented to the trial court prior to the actual summary judgment hearing; thus a party who has taken part in all steps of a summary judgment proceeding except the hearing on the motion has participated in the decision-making event. *Id.*

Gunnels, Puckett, and Popp filed a Motion to Dismiss Under Chapter Fourteen and No Evidence Motion for Summary Judgment. Long filed a motion to deny the defendants' Motion to Dismiss Under Chapter Fourteen and No Evidence Motion for Summary Judgment. Filing a response to a motion for summary judgment is sufficient participation to deny a restricted appeal. *See Bowles v. Cook*, 894 S.W.2d 65, 68 (Tex. App.—Houston [14th Dist.] 1995, no writ). By filing his response to the Motion to Dismiss and No Evidence Motion for Summary Judgment, Long participated in the decision-making event and does not meet the requirements for a restricted appeal. Therefore, we dismiss the appeal for lack of jurisdiction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Dismissed
Opinion delivered and filed November 10, 2010
[CV06]