Opinion issued February 16, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00714-CV

———————————

Michael S. Duhart, Appellant

V.

Brigiette
Duhart, Appellee



 



 

On Appeal from the 328th District Court 

Fort Bend County, Texas



Trial Court Case No. 06-DCV-147044

 



 

MEMORANDUM OPINION

          After
the trial court granted an order enforcing temporary support in a divorce case,
appellant filed a restricted appeal.  We
consider whether appellant participated in the hearing that resulted in the
order from which he appeals.  We dismiss
for want of jurisdiction.

BACKGROUND

          During
the pendency of their divorce, appellee Brigiette Duhart filed a motion seeking an order of temporary spousal
support from appellant Michael Duhart.  On March 14, 2007, both parties appeared at a
hearing on the matter before an associate judge.  After the hearing, the associate judge found
that Michael was earning between $1871 and $2171 per month from his job at the Alief Independent School District and from his military
retirement, but that Bidgiette’s income was only $600
per month “due to lateral epidural in hand—under dr. care—dr. ordered no
work.”  From the bench on that date, the
associate judge ordered Michael to pay $400 in monthly support, beginning April
1, 2007.  On March 26, 2007, Michael
appealed the associate judge’s report. On March 28, 2007, the associate judge
signed temporary orders requiring $400 in monthly support, beginning April 1,
2007.

          Brigiette moved to deny the appeal as untimely, and the
matter was set for a hearing.  At the
hearing, both parties agreed to mediate the issue.  After an apparently unsuccessful mediation, Brigiette, on June 22, 2007, moved to modify the temporary
orders, again seeking spousal support. 
After a hearing on June 25, 2007, at which counsel for both sides appeared,
the trial court granted Brigiette’s motion to modify,
and on July 18, 2007, signed new temporary orders that also required Michael to
pay “$400.00 per month, with the first payment of $400.00 being due and payable
on July 1, 2007, and continuing on the first day of each month under further
Orders of the Court.”

          On
April 27, 2009, Brigiette filed her Third Amended
Motion to Enforce Spousal Support and Health Benefits Order, alleging that Michael
had made the payments due on July 1, 2007, and August 1, 2007, but had made no
payments thereafter.  At that time, the
total arrearages on the support ordered were $8000.

          Two
days later, on April 29, 2009, the trial court held a bench trial on both the
Motion to Enforce and the divorce action. 
Both parties and their counsel were present in court on that date.  After the trial, the trial court rendered
judgment granting the divorce and advising the parties that a formal decree and
order would be forthcoming.  

          Almost
a year later, Brigiette moved for entry of
judgment.  She attached proposed orders
for both the Final Divorce Decree and on her Third Amended Motion to Enforce
Spousal Support. On May 26, 2010, both counsel appeared at a hearing, at which
the trial court provided them with his proposed order and decree. Both parties
and attorneys appeared for entry on judgment on June 16, 2010, but the trial
court was in trial and had to reschedule the entry of judgment for July 14,
2010.  The trial court also asked the
parties to forward their objections and suggestions to him on or before July 2,
2010.

          On
July 6, 2010, the trial court sent his final draft order to counsel for both
sides. Brigiette and her attorney appeared at the
July 14, 2010 entry of judgment hearing, but Michael and his attorney did
not.  No evidence was adduced at this
hearing and no reporter’s record was made. 
The trial court signed both the Final Decree of Divorce and the Order on
Third Amended Motion to Enforce Spousal Support and Health Insurance Benefits
on that date.

          Thereafter,
Michael filed a Notice of Appeal, which provided in part:

This notice of Appeal is
filed by Michael S. Duhart, Petitioner/Respondent a
party to this proceeding who seeks to alter the trial court’s judgment
according to Texas Rules of Appellate Procedure Rule 25.1(c), who seeks to
alter the [trial] court’s judgment Order on Third Amended Motion to Enforce
Spousal support and Health Insurance Benefits Order.

 

          Michael’s
Notice of Appeal also provided that “[t]his is a restricted appeal,” and “[t]he
Appellant Michael S. Duhart, did not participate in
the final court divorce hearing conducted on July 14, 2010[.]”

LAW AND ANALYSIS

          In
his first two issues on appeal, Michael contends there is error on the face of
the record and the record shows that he and his attorney did not participate in
the July 14, 2010 hearing for entry of judgment.

A party can prevail in a restricted appeal only if: (1) it filed a notice of the restricted
appeal within six months after the judgment was
signed; (2) it was a party to the underlying lawsuit; (3) it did not
participate in the hearing that resulted in the judgment complained of and did
not timely file any postjudgment motions or requests
for findings of fact and conclusions of law; and (4) error is apparent on the
face of the record. Ins. Co. of State of Pa. v. Lejeune,
297 S.W.3d 254, 255 (Tex. 2009).   Here, we address the third prong, i.e.,
whether Michael participated in the hearing that resulted in the judgment
complained of.

Lack of participation is a jurisdictional requirement for
review by restricted appeal. Alexander v. Lynda’s Boutique,
134 S.W.3d 845, 848 (Tex. 2004). “The nature and extent of participation
that precludes appeal by writ of error in any particular case is a matter of
degree because trial courts decide cases in a wide variety of procedural
settings.” Texaco, Inc. v. Cent. Power & Light Co., 925 S.W.2d
586, 589 (Tex. 1996). The question is whether appellant has
participated in “the decision-making event” that results in the judgment
adjudicating appellant’s rights. Id.; Serna v. Webster, 908 S.W.2d
487, 494 (Tex. App.—San Antonio 1995, no writ).

      Here, the trial
court’s Order on Third Amended Motion to Enforce Spousal Support and Health Insurance
Benefits provides that “[o]n April 29, 2009, the Court heard Movant’s Third
Amended Motion to Enforce Spousal Support and Health Insurance Benefits Order,”
that “[a]ll matters of law and of fact were submitted
to the Court, and the Court heard the evidence and considered the pleadings and
argument of counsel.”  The order also
provides that both parties and their counsel appeared in person and through
their attorneys at the April 29, 2009 hearing/trial.

      Likewise,
all of the evidence regarding the matter was adduced at the hearing/trial on
April 29, 2009.  The hearing on July 14,
2010 was solely for the purpose of signing an order on the Third Amended Motion
to Enforce Spousal support and a Final Divorce Decree.  There is nothing in the record to show that
the July 14, 2010 hearing was evidentiary in nature or that argument was
presented by either party.  Thus, we
conclude that the “decision-making event” at which Michael’s rights were
decided was the April 29, 2009 hearing, not the July 14, 2010 hearing. “A party
need not actually be present in court at a final plenary trial if he
participated in earlier proceedings at which his rights were determined.” Norman v. Dallas Cowboys
Football Club, 665 S.W.2d 137, 139 (Tex. App.—Dallas 1983, no writ).

Because we conclude that Michael
participated in the decision-making event resulting in the trial court’s Order
on Third Amended Motion to Enforce Spousal Support and Health Insurance
Benefits, we lack jurisdiction over this restricted appeal.

We also lack jurisdiction to
address Michael’s claim that the trial court erred in awarding Brigiette 50% of his retirement account because that award
is found in the trial court’s Final Divorce Decree, from which Michael never
appealed.

CONCLUSION

We dismiss the restricted appeal
from the trial court’s Order on Third Amended Motion to Enforce Spousal Support
and Health Insurance Benefits and any claims related to the Final Divorce
Decree for want of jurisdiction.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.