Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-11-00665-CV

Adin **GARCIA** and Cathy Garcia,
Appellants

v.

**RIVER CITY FEDERAL CREDIT UNION** and Scott M. Noel,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-15937
Honorable Victor Hugo Negron, Jr., Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice

Sitting:   Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  July 11, 2012

DISMISSED FOR LACK OF JURISDICTION

Adin and Cathy Garcia file this restricted appeal from the grant of a take-nothing summary judgment in favor of both River City Federal Credit Union ("River City") and Scott Noel.  Because the record before us demonstrates that the Garcias did participate in the summary judgment hearings at issue, they are not entitled to relief under Rule 30 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 30.  Accordingly, we dismiss the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Adin and Cathy Garcia sued River City and Noel for wrongful debt collection alleging assault, false imprisonment, negligence, violations of the deceptive trade practices act, invasion of privacy, and malicious prosecution. Both River City and Noel filed motions for traditional and no evidence summary judgment in early February 2011. River City set its motions for summary judgment to be heard on March 2, 2011 and Noel set his motions for hearing on March 8, 2011. Because it is important to our analysis, we will summarize the subsequent relevant summary judgment responses, hearings, and orders as follows:

1. March 1, 2011—the Garcias file a motion for continuance of the March 8 summary judgment hearings and ask for additional time to respond to the defendants' motions for summary judgment.

2. March 2, 2011—the Garcias file a response to River City's motion for traditional summary judgment.

3. March 2, 2011—the trial court[1] enters an order granting River City's motions for summary judgment.

4. March 8, 2011—the trial court[2] enters an order denying the Garcias' motion for continuance and motion to extend time to respond.

5. March 8, 2011—the Garcias file a response to "defendants' no evidence summary judgment motion" and an amended response to Noel's motion for traditional summary judgment.

---

[1] The Honorable Victor Negron, Jr., presiding judge of the 438th Judicial District Court, granted River City's motions for no evidence and traditional summary judgment on March 2, 2011.

[2] The Honorable David Berchelmann, presiding judge of the 37th Judicial District Court, denied the Garcias' motion for continuance and motion to extend time to respond.

6. March 8, 2011—the trial court[3] enters an order granting Noel's traditional motion for summary judgment and an order granting Noel's no evidence motion for summary judgment. Both orders were approved as to form and substance by the attorney representing the Garcias, David Schafer.

7. September 1, 2011—the Garcias file their Notice of Restricted Appeal.

8. March 1, 2012—River City files a motion to dismiss appeal, arguing that the Garcias are not entitled to a restricted appeal because they participated in the proceedings leading to the entry of final summary judgment on March 8, 2011.

### DISCUSSION

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); TEX. R. APP. P. 26.1(c), 30. The question we must decide is whether the Garcias' actions in connection with the summary judgment proceedings in the trial court constituted participation, thereby precluding their restricted appeal. For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.).

---

[3] The Honorable John D. Gabriel, Jr., presiding judge of the 131st Judicial District Court, signed the summary judgment orders in favor of Noel on March 8, 2011.

We begin by noting that there were two separate summary judgment proceedings in the underlying case—the May 2 proceeding which granted interlocutory summary judgment for River City and the May 8 proceeding which granted summary judgment in favor of the only remaining defendant, Noel, and thus finally disposed of all issues. *See Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex. 1990) (summary judgment granted as to separate parties or issues within a single cause of action is partial and interlocutory until all issues are adjudicated or ordered severed by the trial court). The record confirms that prior to the interlocutory summary judgments rendered in favor of River City, the Garcias submitted a written response in opposition to the motions. Although there is no evidence that the Garcias attended the March 2, 2011 hearing, attendance at a summary judgment hearing is not required or necessary in order to participate in the decision-making event. *See* TEX. R. CIV. P. 166a(c); *Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.). In fact, a summary judgment is decided on the evidence presented in support of, or in reply to, the motion for summary judgment. TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). Here, the Garcias filed a written response in opposition to River City's motions, thereby participating in the summary proceeding and thus precluding review by restricted appeal. *See Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) ("party who has taken part in all steps of a summary judgment proceeding except the hearing on the motion has participated in the 'actual trial' that determined the parties['] rights").

Similarly, the Garcias filed responses in opposition to the summary judgments rendered in favor of Noel. Moreover, the Garcias attended the March 8 hearing, and approved the orders as to form and substance that were entered in favor of Noel. On this record, we conclude the Garcias and their counsel did participate in the summary judgment proceedings that determined

the parties' rights; therefore they are not entitled to a restricted appeal. *Id.* Accordingly, we grant River City's motion to dismiss the appeal, and dismiss the Garcias' appeal for lack of jurisdiction.

Phylis J. Speedlin, Justice