

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00164-CV
No. 07-15-00165-CV
No. 07-15-00166-CV

DANNY SHEAD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court, Randall County, Texas
Trial Court Nos. 8460-B, 8461-B, and 19154-B
Honorable John B. Board, Presiding

June 25, 2015

## CONCURRING OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

*Harrell v. State* holds that an inmate is entitled to notice of the issuance of a withholding order and an opportunity to be heard regarding the order's correctness, but neither the notice nor the opportunity to be heard need occur before the funds are withdrawn. 286 S.W.3d 315, 321 (Tex. 2009). The *Harrell* opinion goes on to recognize that the inmate may take the opportunity to be heard by means of a motion to the court issuing the order, and further states that "appellate review should be by appeal, as in

analogous civil post-judgment enforcement actions." *Id.* I am not prepared to say that every inmate who, like appellant Shead, has a motion challenging a withholding order denied by the trial court without an in-court hearing thereby meets the nonparticipation requirement for a restricted appeal.[1] But this record presents a particularly convoluted set of circumstances. On these peculiar facts, and considering that the nonparticipation requirement is to be construed liberally in favor of a right to appeal,[2] I will concur that the nonparticipation requirement should not bar Shead from relief if he is able to demonstrate error on the face of the record. I therefore concur in the Court's order denying the State's motion to dismiss the appeal.


James T. Campbell
Justice

---

[1] *See Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) ("a party's participation in a proceeding decided as a matter of law may be very different than one tried to a jury").

[2] *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam).