

IN THE
TENTH COURT OF APPEALS

No. 10-24-00214-CV

IN THE INTEREST OF L.J., A CHILD

From the 52nd District Court
Coryell County, Texas
Trial Court No. DC-21-52431

MEMORANDUM OPINION

Claudia and Jack Sedore, intervenors, filed a restricted appeal to a termination

judgment that terminated the parental rights of Claudia's daughter and named the foster

parents of L.J. as the permanent managing conservators of L.J.[1]  The Sedores argue that

they meet the requirements for a restricted appeal and that there was error on the face of

the record.  We find that, because the Sedores participated in the trial upon which the

---

[1] The father of L.J. executed an affidavit of relinquishment in between some of the trial settings, resulting in the termination of his parental rights.  The mother of L.J. did not appeal the trial court's judgment. Neither the father nor the mother are part of this appeal.

final judgment is based, they have not met the requirements of a restricted appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. *See* TEX. R. APP. P. 30. A party filing a restricted appeal must demonstrate that: (1) the notice of restricted appeal was filed within six months after the judgment was signed; (2) the person(s) was a party to the underlying suit; (3) the person(s) did not participate at the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see* TEX. R. APP. P. 30 (stating requirements (1)-(3)); *see also* TEX. R. APP. P. 26.1(c) (providing that notice of restricted appeal "must be filed within six months after the judgment or order is signed"). The first three requirements "are jurisdictional." *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). The fourth requirement, which is derived from case law, is not jurisdictional and "goes to the merits of the appeal." *Id*. It is the third requirement that is at issue here.

The final judgment indicates that the trial took place over a range of time ending on January 31, 2024, and that the Sedores appeared in person and through their attorney. The reporter's record indicates that the trial concluded on January 23, 2024 with the parties resting and giving arguments. The Sedores do not dispute that they participated

in each setting of the trial up to that time. The trial court stated that it was taking the matter under advisement and announced that he would email his decision to the parties. The trial court made a docket sheet entry on January 31, 2024 that does not indicate that a hearing was conducted, but states the ruling of the trial court and orders the attorney for the department to prepare the judgment. There is no reporter's record or other indication in the record that a hearing took place that day.

To determine whether the Sedores participated at the hearing, we consider whether they took part in the decision-making event that resulted in the adjudication of their rights. *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589-90 (Tex. 1996). Because the face of the record shows that the Sedores participated fully in the trial which resulted in the judgment about which they now complain, the Sedores cannot establish the third element necessary to proceed with a restricted appeal. Accordingly, we dismiss the Sedores's restricted appeal for lack of jurisdiction. *See Ex parte E.H.*, 602 S.W.3d 486, 496 (Tex. 2020). As such, we do not reach the Sedores's contentions relating to whether error was apparent from the face of the record.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Appeal dismissed
Opinion delivered and filed December 31, 2024
[CV06]

In the Interest of L.J., a Child

