**Harry Lee CARTER, Appellant,**

v.

**Margaret M. DAVIS et al., Appellees.**

**Nos. 11569, 11570.**

Court of Civil Appeals of Texas.

Austin.

Feb. 28, 1968.

Rehearing Denied March 20, 1968 on Cause No. 11570.

Cofer, Cofer & Hearne, John D. Cofer, Austin, for appellant.

Murfee & Hoover, William L. Durham, Houston, for Gladys Nichols.

Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., John R. Grace, and Marietta McGregor

Payne, Asst. Attys. Gen., Austin, for State of Texas.

PHILLIPS, Chief Justice.

These two appeals are from the same suit in intervention and will be disposed of in this opinion.

Appellant sought to intervene in a statutory suit filed under the Protest Tax Statute of the State of Texas, Tex.Rev.Civ. Stat.Ann. Art. 7057b. The latter suit was brought to recover an alleged overpayment of inheritance taxes. On the motion of both parties to the statutory tax suit appellant's intervention was stricken by the court.

We affirm.

Appellant has appealed both from the order striking his intervention and also from the final judgment in the case carrying forward the order to strike.[1] His point of error is that of the district court in holding that he, Harry Lee Carter, the legal and equitable owner of the alleged overpayment of inheritance taxes by the Independent Executrix of the Frank T. Brady Estate, assessed against the devisee, Gladys Nichols, who became her assignee and subrogee after the institution of the suit, was not entitled as intervenor to assert his rights and title in this suit, and in striking his intervention on motion of the State of Texas and Gladys Nichols.

We overrule this point.

The parties hereto (the State excluded) have been engaged in extensive litigation for quite some period of time, the details of which are set out in an opinion by the San Antonio Court of Civil Appeals styled Carter v. Brady, 423 S.W.2d 946, filed November 8, 1967.

The case out of which the two appeals arise was filed April 10, 1959 by appellees, Margaret M. Davis and Gladys Nichols,

devisees of the estate of Frank T. Brady, deceased, against the proper officials of the State of Texas under Tex.Rev.Civ. Stat.Ann. Art. 7057b, to recover excess inheritance taxes alleged to have been paid by Lady P. Brady, independent executrix of the estate. The executrix paid the sum of $175,517.95, and the appellees, Davis and Nichols, contended that only $147,657.64 was due. The excess tax paid, it is alleged, amounted to $27,860.31. The dispute arose out of the method of calculating the tax.

The State of Texas made the independent executrix, Lady P. Brady, a party cross-defendant to the suit.

Appellant contends that under the construction of the will of Frank T. Brady, deceased, in Brady, executrix v. Nichols et al., 308 S.W.2d 100, (Tex.Civ.App. San Antonio 1957, no writ) 158 Tex. 382, 312 S.W.2d 381 (1958), the property devised to Gladys Nichols in the will was entitled to have the mortgage lien against it at the time of Frank T. Brady's death exonerated; that is, paid off and satisfied from the residuary estate. That if anything remained in the residuary estate, under the will and its construction, Lady P. Brady was the residuary legatee. That the charge upon the residuary estate resulting from the right of exoneration was $621,615.30. That any excess tax paid, and recovered in this suit would go to exonerate the debt against the Brady Building in San Antonio because the residuary estate was insufficient to pay off the mortgage lien indebtedness against the building at the time of Frank T. Brady's death.

Appellant further contends after Frank T. Brady's death he acquired a junior lien against the interest of Gladys Nichols in the building, and that in order to protect this junior lien from a forced judicial sale under the senior lien, he paid the senior lien against the property, subject to the right of exoneration of such lien from the

---

1. Two appeals were filed in order to eliminate the question as to whether the order striking the intervention and dismissing appellant from the suit was, as to him, a final judgment.

residuary estate. That he subsequently purchased the Brady Building from Gladys Nichols by sheriff's deed under foreclosure of his junior lien, and acquired Nichols' equity of redemption and fee simple title to the building. That he is entitled to recover from the residuary estate all sums in the residuary estate that were charged to pay off the senior lien which he paid to protect his junior lien.

Consequently, appellant contends that his intervention should lie as Gladys Nichols did not pay the inheritance tax chargeable to her by virtue of her status as a devisee of the Frank T. Brady Estate, but said tax was paid by the residuary estate of Frank T. Brady by Lady P. Brady, independent executrix of the estate, and that any recovery in the case at bar should be for the benefit of the abovementioned residuary estate, to be accounted for by Lady P. Brady to the proper owner and recipient of the residuary of the estate. That appellant is the sole owner, legal and equitable, of the balance of the funds in the residuary estate of Frank T. Brady and that he is the sole legal and equitable owner of all sums due by the State of Texas for excess payments made by Lady P. Brady, independent executrix by virtue of the devises and legacies in the abovementioned will to Gladys Nichols.

Appellant has cited numerous cases to uphold his right to intervention here.[2] Due to the nature of the original proceeding before us, they are not in point.

■ We hold that Tex.Rev.Civ.Stat. Ann. Art. 7057b, Chapter 1, Title 122,— Taxation, is jurisdictional and that the intervention of Appellant is precluded by its terms.

Section 1, Article 7057b provides that "Any person * * * who may be required to pay to the head of any department of the State Government any * * * privilege tax * * * and who believes or contends that the same is unlawful and that such public official is not lawfully entitled to demand or collect the same shall, nevertheless, be required to pay such amount as such public official charged with the collection thereof may deem to be due the State, * * *." Appellant was not required to pay any tax involved in this case.

Section 1 further provides that the taxpayer "shall be entitled to accompany such payment with a written protest, setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized."

Section 2 provides, in part, as follows:

"Sec. 2. Upon the payment of such taxes or fees, accompanied by such written protest, the tax-payer shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas, and none other. Such suit shall be brought against the public official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General. The issues to be determined in such suit shall be only those arising out of the grounds or reasons set forth in such written protest as originally filed. The right of appeal shall exist as in other cases provided by law."

■ The protest which accompanied payment of the taxes involved in this suit was made on behalf of Margaret M. Davis and Gladys Nichols. It sets out fully and in detail the grounds upon which their cause of action is based. Thus, the original plaintiffs are limited in this suit to the grounds alleged in the protest. Neither the

2. Graves v. Hall, 27 Tex. 148; Great American Indemnity Co. v. McMenamin, 134 S.W.2d 734 (Tex.Civ.App. San Antonio 1939, writ dis'm judgm't cor.); Atlantis Dev. Corp., Ltd. v. United States, et al., 5 Cir., 379 F.2d 818; Hunt Oil Co. v. Federal Power Commission (5th Circuit) 334 F.2d 474; Traders & General Insurance Co. v. Richardson, 387 S.W.2d 478 (Tex.Civ.App. Beaumont 1965, writ ref'd) among others.

trial court nor this Court has jurisdiction to consider any issue which was not raised in this letter of protest.

The order striking and dismissing appellant's intervention was interlocutory and no appeal could be taken from it before rendition of a final judgment in the suit. Appeal and Error, 3 Tex.Jur.2d, Sec. 96. Cause No. 11,569 is such an attempted appeal. Such appeal is dismissed. Cause No. 11,570, herein, was an appeal from the final judgment. We affirm the action of the trial court in striking and dismissing appellant's intervention.

Appeal in Cause No. 11,569 is dismissed.

Judgment in Cause No. 11,570 is affirmed.