The LEAGUE OF UNITED LATIN
AMERICAN CITIZENS, Appellant,

v.

LO–VACA GATHERING COMPANY
et al., Appellees.

No. 15474.

Court of Civil Appeals of Texas,
San Antonio.

Sept. 3, 1975.

Rehearing Denied Oct. 1, 1975.

Jose F. Olivares, San Antonio, for appellant.

Crawford Reeder, City Atty., W. Roger Wilson, Jon C. Wood, San Antonio, William E. Miller, Washington, D. C., for appellees.

PER CURIAM.

Appellant has perfected its appeal from an order signed on May 15, 1975, overruling its motion to set aside an order of November 19, 1974, striking appellant's petition in intervention in a suit involving the contractual and legal relationships between the City Public Service Board, acting for the City of San Antonio and the public utility suppliers of natural gas to San Antonio.

Appellant attempted to appeal from the interlocutory order of November 19, 1974, but the appeal was dismissed for want of

prosecution on May 28, 1975.[1] On April 22, 1975, appellant filed a motion in the trial court to set aside the order of November 19, 1974, which it designated as "Motion to Set Aside Order Constituting the City Public Service Board—City of San Antonio, as Trustee for Rate-Payers." The trial court concluded that it did not have jurisdiction of said motion in that the order of November 19, 1974, was then on appeal. The court further held in the alternative that the motion to set aside the order striking the petition in intervention should be denied.

■ It is settled law that an order dismissing or striking a petition in intervention, or denying permission to intervene, may not be appealed by the intervenor before the rendition of final judgment between the original parties. *Stewart v. State*, 42 Tex. 242 (1875); *Bryant v. Barnes*, 433 S.W.2d 786 (Tex.Civ.App.—Waco 1968, writ ref'd); *Carter v. Davis*, 425 S.W.2d 442 (Tex.Civ.App.—Austin 1968, writ ref'd n. r. e.); *Baronofsky v. Baronofsky*, 404 S.W.2d 683 (Tex.Civ.App.—Houston 1966, writ dism'd); *Kimmel v. Lytton*, 371 S.W.2d 927 (Tex.Civ.App.—Waco 1963, writ ref'd).

■ Appellant urges that we have jurisdiction over this appeal under Article 2250, Tex.Rev.Civ.Stat.Ann. (1971), Section 2, which authorizes an appeal from an interlocutory order: "Overruling a motion to vacate an order appointing a receiver or trustee in any case." We disagree. This statute has no application here in that neither the order of November 19, 1974, nor the order of May 15, 1975, concerns the appointment of a receiver or trustee. In fact, the main suit does not even relate to the appointment of a receiver or trustee. Nor can it be said that the order of May 15, 1975, is in the nature of a temporary injunction so as to authorize an appeal from the interlocutory order under Article 4662, Tex. Rev.Civ.Stat.Ann. (1940).

The appeal is dismissed for want of jurisdiction.

1. This cause was docketed as our Cause No. 15422.