**BERNARD HANYARD ENTERPRISES, INC., d/b/a Pizzazz, et al., Appellants,**

v.

**W.S. McBEATH, Administrator, Texas Alcoholic Beverage Commission, et al., Appellees.**

No. 13730.

Court of Appeals of Texas, Austin.

Dec. 21, 1983.

Rehearing Denied Jan. 18, 1984.

Thadieth Son, Austin, for appellants.

Mark White, Atty. Gen., William C. Dufour, Asst. Atty. Gen., for appellees.

Before SHANNON, POWERS and BRADY, JJ.

POWERS, Justice.

Bernard Hanyard appeals a judgment of the trial court that dismisses, for want of jurisdiction, his suit to recover taxes paid the State of Texas under written protest. We will reverse the order of the trial court and remand the cause to that court for trial.

The primary issue on appeal is the proper construction to be given the word "taxpayer," as that word is used in Tex.Tax.-Gen. Ann., art. 1.05(2). The statute, now repealed but applicable to this case, provided as follows:

(1) Protest. Any person, firm, or corporation who may be required to pay to the head of any department of the State Government any occupation, gross receipts, franchise, license or other privilege tax or fee, and who believes or contends that the same is unlawful and that such public official is not lawfully entitled to demand or collect the same shall, nevertheless, be required to pay such amount as such public official charged with the collection thereof may deem to be due the State, and shall be entitled to accompany such payment with a written protest, setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized.

(2) Suits for recovery of taxes or fees. Upon the payment of such taxes or fees, accompanied by such written protest, the *taxpayer* shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas and none other. Such suit shall be brought against the public official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General. The issues to be determined in such suit shall be only those arising out of the grounds or reasons set forth in such written protest as originally filed. The right of appeal shall exist as in other cases provided by law. . . .

\* \* \* \* \* \*

(emphasis added).

Hanyard possesses a private-club permit issued by the Texas Alcoholic Beverage Commission. By authority of the permit, he operates in Dallas, Texas an establishment, under the trade name "Pizzazz," wherein he prepares, serves, and sells alcoholic beverages subject to the gross-receipts tax imposed by Tex.Alcoh.Bev.Code Ann., § 202.02 (1978). As a result of an audit performed by the Commission, the agency determined that Hanyard had failed to pay $23,496.97 owed by him as gross-receipts taxes. Hanyard paid that sum to the State on its demand therefor. In a written protest that accompanied his payment, Hanyard set out several grounds upon which he contended the demand was erroneous.

Within 90 days of Hanyard's payment of the disputed sum, suit was filed in a court of competent jurisdiction in Travis County and against the proper officers of government, asserting the invalidity of the tax assessment. The grounds of invalidity claimed in the suit were those set forth in Hanyard's written protest to the Commission. The original petition filed in the cause designated the plaintiff as "Bernard Hanyard Enterprises, Inc. d/b/a Pizzazz," and set forth that the suit was brought under authority of art. 1.05.

The State rejoined by a motion to dismiss for want of jurisdiction, and a supplement thereto, each of which was filed more than 90 days after Hanyard's written protest was filed in the Commission. In its motion and supplemental motion, the State alleged that the correct name of the "taxpayer" was a jurisdictional element of the cause of action created and authorized by art. 1.05; and because the person who paid the taxes did not appear in the cause as plaintiff, the trial court was without subject-matter jurisdiction.

By supplemental and amended petition, plaintiff subsequently alleged in the cause that "Bernard Hanyard Enterprises, Inc." had in error been named the plaintiff and the "misnomer" was "corrected and changed" to designate Bernard Hanyard as plaintiff. The State, by a supplemental motion to dismiss, alleged the absence of a true misnomer but if one existed, it contended that the cause, "should be dismissed for failure to state a cause of action."

The trial court judgment recites that "[t]he Court, having considered the pleadings, evidence and argument of counsel, finds that the law is with Defendants and that Plaintiff's suit ... did not meet the jurisdictional requirements of Article 1.05 ... and is hereby dismissed with prejudice."

▮ A plea to the jurisdiction of the trial court is not sustainable where the contention is to the effect that the plaintiff has falsely stated a claim which, in fact, is nonexistent, for this is a matter of defense on the merits. The plaintiff's allegations must be accepted as true for the purpose of testing jurisdiction and his good faith in making the allegations cannot be questioned by a plea in bar, such as a plea to the jurisdiction. If the defendant contends the plaintiff's allegations are made in bad faith, he must *first* establish that conclusion before his plea to the jurisdiction may be heard. *Jud v. City of San Antonio,* 143 Tex. 303, 184 S.W.2d 821, 822–23 (Tex.

1945); *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 469 (Tex. 1949); 2 R. McDonald, Texas Civil Practice § 7.07, at 158 (rev. perm. ed. 1982).

The State did not allege that the plaintiff's allegations were made in bad faith and for the purpose of conferring upon the trial court a jurisdiction which it would not possess under the true facts. The trial court was therefore presented with the issue of whether the plaintiff's allegations, taken as true, showed conclusively that the trial court had no jurisdiction of the subject matter—in this instance the statutory cause of action created by art. 1.05—irrespective of any defense available to the State and intended within its prohibited use of the general demurrer, which we shall ignore on appeal. *See* Tex.R.Civ.P.Ann. 90 (Supp. 1983).

Within the matters raised in the State's plea to the jurisdiction, however, we are able to ascertain a theory that under the proper interpretation of art. 1.05 the cause of action therein created has the following characteristics: (1) the right of action is created solely in and for the use and benefit of the individual who pays the tax and files the written protest; (2) this right of action may not lawfully pass by transfer or succession to another nor may another person assert it even for the use and benefit of the person who pays the tax and files the written protest; (3) accordingly, a petition asserting the statutory cause of action must name as plaintiff only the individual in whom the right of action is created; and (4) the naming of the proper individual is therefore a "jurisdictional" element of the statutory cause of action, equivalent to the four jurisdictional elements identified in *Bullock v. Adickes,* 593 S.W.2d 805, 807 (Tex.Civ.App.1980, writ ref'd n.r.e.). We can ascertain from the State's plea to the jurisdiction, as supplemented, no other theory whereunder the failure to name the proper individual as plaintiff would be a jurisdictional defect as opposed to a matter of defense on the merits.[1] The theory fails

1. A misnomer of the plaintiff is ordinarily raised by plea in abatement which presumes, of course, the trial court's jurisdiction of the subject matter. *See* R. McDonald, *supra,* § 7.15,

under our view of the proper meaning to be assigned art. 1.05.

■ In assigning meaning to the statute, we are required to take a general view of the enactment as a whole to ascertain the legislative intent; and once that intent is determined, we must construe the statute so as to give effect to the legislative purpose. If the language of the statute is susceptible of two constructions, one of which will effectuate and the other defeat the manifest object of the Legislature, we must settle upon the former construction. *Citizens Bank of Bryan v. First State Bank, Hearne,* 580 S.W.2d 344, 348 (Tex.1979).

Article 1.05 may obviously be interpreted quite literally, to the effect that the one who pays the taxes must himself file the written protest and he alone may sue as the named plaintiff in asserting the statutory cause of action. It is doubtful that the statute should be read so literally for we observe that devisees and subrogees have been allowed to maintain the statutory cause of action. *Carter v. Davis,* 425 S.W.2d 442 (Tex.Civ.App.1968, writ ref'd

n.r.e.). The purpose and object of art. 1.05 are not served by such a narrow interpretation and to that we now turn.

■ Article 1.05 originated in Tex.Rev. Civ.Stat.Ann. art. 7057b, now repealed. The object of art. 7057b, and by extension art. 1.05, was to provide an adequate legal remedy whereby a taxpayer may test the validity of a tax without having to resort to the traditional equitable remedy of injunction, restraining the State's collection of the tax because it was contended to be invalid. The purpose in so doing was to prevent the disruption of the tax-collection process which necessarily accompanied injunctive relief—under the statute, the contested tax would first be paid and its validity adjudicated afterwards, with a refund being contingent upon a successful challenge. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 713 (Tex.1945). The statute "created a right not existing at common law and prescribed a remedy to enforce that right. Thus the courts may act only in the manner provided by the statute which created the

at 178–79. In the present case, the State's plea to the jurisdiction was determinable from the allegation's in the plaintiff's pleadings, *assuming them to be true.* Attached to the plaintiff's petitions were exhibits which showed the state of affairs as the plaintiff alleged them to be: that Bernard Hanyard paid the taxes and filed the written protest, that he was the "controlling stockholder" of Bernard Hanyard Enterprises, Inc., and that he was "presently in controll [sic] of Pizzazz" private club. Thus, it may not reasonably be said that *the theory of recovery* was changed by the amendment which substituted Bernard Hanyard for Bernard Hanyard Enterprises, Inc.—before and after the amendment the identical occurrence is made the basis of suit. *See* 2 R. McDonald, *supra,* § 8.12.2, at 311–12. Rather, the amendment filed by the plaintiff was patently made to correct the *name* of the plaintiff and not to raise a new claim subject to the 90 day provision of art. 1.05. *Marek v. Goldsum,* 243 S.W.2d 461, 463 (Tex.Civ.App.1951, no writ). See also the cases summarized in 2 R. McDonald, *supra,* § 8.12.3, at 316 as the same problem arises in the context of statutes of limitation. We emphasize that in the present case we deal not with the matter of amending pleadings as it bears on the *defense* of limitations, but as it bears on the subject-matter jurisdiction of the trial court.

More precisely, we deal with whether the corporation is forbidden by law to bring the statutory cause of action for the use and benefit of the individual who paid the taxes and filed the written protest; or whether it may not do so because the cause of action authorized by art. 1.05 may not pass by transfer or succession to the corporation. In either of these circumstances, one may arguably say that the statutory cause of action belongs strictly and exclusively to the one who pays the taxes and files the written protest; hence, if one brings the statutory cause of action based upon another's payment and protest, the one bringing the suit may not legally do so *as a matter of law* and the defect is consequently one of "jurisdiction" under the pleader's own allegations that another paid the taxes and filed the written protest. This results because the cause of action authorized by art. 1.05 is a statutory cause of action and the court in which it is brought exercises only the jurisdiction conferred upon it in that statute, and not its common-law or constitutional jurisdiction. In such cases, the court "may act only in the manner provided by the statute . . . ." *Bullock v. Amoco, infra.* On the other hand, if the statutory cause of action is not so limited, the defect is not "jurisdictional" and the ownership of the cause of action is merely one issue upon which the parties may join issue in the trial on the merits.

right." *Bullock v. Amoco Production Company,* 608 S.W.2d 899, 901 (Tex.1980).

We see nothing in the purpose or object of art. 1.05 which would be furthered by the theory for which the State contends. On the other hand, if that theory were correct, the purpose and object of the statute would be defeated. For example, if the literal "taxpayer" was prevented by death, disability, or some other reason from filing the suit in his own name as "plaintiff," a representative or successor in interest would be relegated to the very injunctive relief the statute was designed to avoid or an adjudication of the validity of the tax would have to be surrendered altogether, defeating the legislative purpose of preserving the right to contest the validity of the tax. Moreover, nothing in art. 1.05 suggests that the Legislature intended thereby to alter the ordinary rules of practice and procedure, such as those permitting the correction of misnomers in pleadings, or those rules of the common law permitting one to bring suit in his own name for the use and benefit of another. *See* 1 R. McDonald, *supra,* § 3.03.4, at 197–98. Nor has it been suggested to us that the Legislature intended that the right and cause of action created in art. 1.05 should not be transferable by consent or by operation of law, a necessary element of the State's theory if the defect claimed is to be one of *jurisdiction.* No authority has been cited to us for that proposition and we have found none; nothing in the purpose or object of the statute requires that interpretation.

We reverse the judgment of the trial court and remand the cause for trial on the merits.