TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00133-CV







Larry Koch, Inc. and Those Similarly Situated, Appellants



v.



Texas Natural Resource Conservation Commission, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. GN0-00100, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING






 Larry Koch appeals from a trial-court judgment that dismisses, for want of subject-matter jurisdiction, his actions against the Texas Natural Resource Conservation Commission
(TNRCC). We will reverse the judgment and remand the cause to the trial court.


THE CONTROVERSY


 We will summarize the allegations in Koch's petition and accept them as true for the
purpose of testing the trial court's subject-matter jurisdiction. See Bernard Hanyard Enters. v.
McBeath, 663 S.W.2d 639, 642 (Tex. App.--Austin 1983, writ ref'd n.r.e.).

 Some 3,000 wells take water from the Gulf Coast Aquifer for a public-water supply. 
In 1990, the Three Lakes Municipal Utility District No. 1 discovered the presence of benzene in a
well it had completed in the aquifer. The level of benzene exceeded the maximum safe level fixed
by the Environmental Protection Agency, a federal agency. The district completed in the aquifer
another well, at a lesser depth, in which benzene was not detected. The Texas Department of Health
found, however, that a number of other wells in the vicinity had also been contaminated by benzene,
and requested that the Texas Water Commission (a predecessor of the TNRCC) conduct an
investigation to ascertain the cause or source of the contamination. The Commission, and afterward
the TNRCC, conducted an investigation but did not determine the source or cause of the
contamination.

 As a result of "concerns" about the contamination, the Department of Housing and
Urban Development, a federal agency, refuses to provide new mortgage insurance in the Three
Lakes Subdivision, located near Tomball, Texas, a subdivision in which Koch owns real property. 
Contending the benzene contamination results from the past activities of oil-field operators in the
area, Koch sued certain of them for injuries to property allegedly suffered by him and an alleged
class of persons similarly situated. Before such a class was certified, the trial court severed these
actions from Koch's actions against the TNRCC described below.

 Koch's actions against the TNRCC are based upon statutes found in the Texas Health
and Safety Code and the Texas Water Code, as follows:

 1.  Section 361.181 of the Texas Health and Safety Code requires that the TNRCC
publish annually "an updated state registry identifying" sites contaminated by hazardous substances
"that may constitute an imminent and substantial [danger] to public health and safety or the
environment due to a release or threatened release of [such] substances into the environment." Tex.
Health & Safety Code Ann. § 361.181 (West 1992).

 2.  Section 361.182 of the Texas Health and Safety Code authorizes the TNRCC
executive director to investigate sites listed on the state registry, as well as sites which he "has reason
to believe" should be included on the state registry. Id. § 361.182.

 3.  Sections 361.183 and 361.184 of the Texas Health and Safety Code establish
procedures the executive director must follow in arriving at a decision to list a site on the state
registry. These include publishing in the Texas Register and a local newspaper a general notice of
the executive director's intention to list a site together with certain other information. He must, in
addition, "make all reasonable efforts to identify all potentially responsible parties for remediation
of" a site he intends to list on the state registry. Id. §§ 361.183-.184.

 4.  Section 5.236(a)(2) of the Texas Water Code requires that the executive director
give written notice to persons under TNRCC jurisdiction who are suspected of contributing to the
contamination of a site, based on information acquired by the executive director. Tex. Water Code
Ann. § 5.236(a)(2) (West 2000).

 Koch alleged the TNRCC and its executive director (1) had failed in their statutory
duties as follows: they had failed to publish an updated state registry, as required by section
361.181(a) of the Texas Health and Safety Code, because they had not included on the registry "the
area around the Tomball oil field in Harris County beneath which the Gulf Coast Aquifer is
contaminated with benzene and other toxic substances"; and they had failed to issue the notices
required by section 5.236(a)(2) of the Texas Water Code. With respect to those duties, Koch alleged,
a reasonable time had elapsed for performing the duties, giving rise to a statutory cause of action
under sections 5.352 and 5.354 of the Texas Water Code. These statutes provide as follows:


§ 5.352. Remedy for Commission or Executive Director Inaction


A person affected by the failure of the commission or the executive director to act in
a reasonable time on an application to appropriate water or to perform any other duty
with reasonable promptness may file a petition to compel the commission or the
executive director to show cause why it should not be directed to take immediate
action.



Id. § 5.352 (Emphasis added.)



§ 5.354. Venue


A suit instituted under Section . . . 5.352 of this code must be brought in a district
court in Travis County.



Id. § 5.354.

 After pleading his statutory causes of action under sections 5.352 and 5.354, Koch
prayed for relief as follows:

 1. That the TNRCC "be ordered to list the contaminated area . . . on the State
Registry" (Ephasis added); or, alternatively,

 2. that the TNRCC "be ordered to consider the contaminated area for listing on the
State Registry pursuant to the assessment and remediation program outlined at 30 Tex. Admin. Code,
Chapter 335, Subchapter K, §§ 335.341-335.352" (2) (Emphasis added); and 

 3. that the executive director be ordered "to provide notice," as required by section
5.236 of the Water Code, to those persons suspected of contributing to the benzene contamination
(Emphasis added.)

 The TNRCC interposed various pleas to the trial court's subject-matter jurisdiction. 
We will discuss below each of the pleas.

 In a judgment signed January 20, 2000, the trial court dismissed all of Koch's causes
of action without stating a ground therefor.


SOVEREIGN IMMUNITY


 The common-law doctrine of sovereign immunity bars Koch's actions against the
State unless they come within the class of cases described in section 5.352 of the Texas Water Code,
wherein the legislature consented to suits of the kind described therein. See Tex. Water Code Ann.
§ 5.352. The TNRCC contends Koch's actions do not come within the class for two reasons
discussed hereafter. See Ex parte Kimberlin, 86 S.W.2d 717, 720 (Tex. 1935); Templeton v.
Ferguson, 33 S.W. 329, 332 (Tex. 1895).

 Section 5.352 is directed at the TNRCC's failure to perform a "duty." Tex. Water
Code Ann. § 5.352. Therefore, the TNRCC reasons, the statute "is a mandamus-like provision"
which requires a "duty" that is plain, clearly defined, and ministerial, that is to say a present legal
duty not requiring the exercise of administrative discretion. See O'Connor v. First Court of
Appeals, 837 S.W.2d 94, 96 (Tex. 1992). Continuing its theory, the TNRCC points to statutes and
regulations requiring an exercise of agency discretion, in various matters, before a particular site may
be listed on the state registry or considered for such listing, and before the TNRCC must comply
with the notice provisions of section 5.236 of the Texas Water Code. See, e.g., Tex. Health & Safety
Code Ann. § 361.183 (West Supp. 2001) ("Registry Listing Procedure: Determination of
Eligibility"); id. § 361.184 ("Registry Listing Procedure: Notices and Hearing"); 30 Tex. Admin
Code §§ 335.341-.348 (establishing program to identify and assess facilities that may constitute an
imminent and substantial endangerment to public health and safety or the environment due to
hazardous substances). Because the relief requested by Koch requires an antecedent exercise of
TNRCC discretion before any duty arises, his actions necessarily fall outside the class of cases
named in section 5.352 as that statute is interpreted by the agency. We disagree with the TNRCC's
theory.

 The theory rests upon the TNRCC's a priori assumption that the word "duty" found
in section 5.352 implies a ministerial or nondiscretionary duty because the statute is a mandamus-like provision. We have a distinctly different view of section 5.352, as discussed below. If,
however, the TNRCC's interpretation of section 5.352 were correct, then the statute was intended
to be a redundant and meaningless reiteration because the district courts of Travis County possess
a general power to issue a writ of mandamus in any proper case. (3) See Tex. Gov't Code Ann.
§ 24.011 (West 1998). We may not attribute that intention to the legislature. See id. §§ 311.021(4),
.023(5) (West 1998); In re Missouri Pac. R.R. Co., 998 S.W.2d 212, 216 (Tex. 1999).

 No appellate court has heretofore construed section 5.352 of the Texas Water Code. 
We believe the legislative intent and purposes are self-evident and reflected plainly in the statutory
text. First, the statute indicates an intent to waive the State's immunity in suits brought by persons
affected adversely by the failure of the TNRCC or its executive director to perform "with reasonable
promptness" a "duty" imposed by law. Second, the statute establishes an adequate legal remedy for
such cases by empowering the district courts of Travis County to issue orders compelling the
TNRCC or its executive director, as the case may be, "to show cause why [they] should not be
directed to take immediate action" toward performing a "duty" made the basis of a particular suit.

 Section 5.352 is similar in purpose and effect to section 706(1) of the federal
Administrative Procedure Act. The federal statute empowers a court to "compel agency action . . .
unreasonably delayed." 5 U.S.C.A. § 706(1) (West 1996). We believe both statutes are directed at
the problem of agency delay at whatever stage it occurs in the administrative process. (Section 5.352
begins to take effect on the filing of an application to appropriate water as stated in that section). 
See generally 2 Kenneth Culp Davis & Richard J. Pierce, Jr., Administrative Law Treatise § 12 (3d
ed. 1994 & Supp. 1998). And like the federal statute, section 5.352 by its very nature requires
caution and careful consideration in its application. (4) We are, of course, not concerned here with such
matters. For present purposes, it is enough that we conclude Koch's allegations bring his actions
well within the class of cases established by the text of section 5.352.

 The TNRCC advances a second argument for the agency's contention that the duties
alleged by Koch are not within the subject-matter jurisdiction conferred upon the district courts of
Travis County in section 5.352. Section 5.352 is a component part of the Texas Water Code;
consequently, the agency contends, the statute "does not reach duties set out in the" Texas Health
and Safety Code-specifically section 361.181 of that code upon which Koch founds a part of his
actions. We disagree.

 Chapter five of the Texas Water Code establishes the TNRCC, provides for its
organization, and prescribes the agency's general jurisdiction. Among other items, the TNRCC's
general jurisdiction includes "the responsibilities assigned to the [TNRCC] by Chapters 361, 363,
382, 401, and 402, Health and Safety Code." Tex. Water Code Ann. § 5.012(a)(12) (West 2000).
The word "responsibility" is equivalent in meaning to the word "duty." See Great Am. Ins. Co. v.
Langdeau, 379 S.W.2d 62, 78 (Tex. 1964). Section 361.181 is a component part of chapter 361 of
the Texas Health and Safety Code. By incorporating chapter 361 into chapter five of the Texas
Water Code, the legislature necessarily brought within the scope of section 5.352 of the Texas Water
Code the duties assigned the TNRCC in section 361.181 of the Texas Health and Safety Code.

 We hold the doctrine of sovereign immunity did not, for the reasons given, deprive
the trial court of subject-matter jurisdiction.


EXHAUSTION OF ADMINISTRATIVE REMEDIES


 In March 1999, Koch filed with the TNRCC a petition requesting that the agency list
the contaminated area on the state register. "While sites normally are proposed for listing by the
[TNRCC's] executive director and neither statute nor rules authorize citizens to propose sites," the
agency argues, the TNRCC "has neither granted, denied, nor refused to consider [Koch's] petition." 
Because the administrative process is not complete, the TNRCC concludes, the trial court lacked
jurisdiction.

 The exhaustion rule requires that plaintiffs pursue all available remedies within the
administrative process before seeking judicial relief; and, it has been said that a plaintiff's failure to
do so deprives a court of jurisdiction. See Lindsay v. Sterling, 690 S.W.2d 560, 563 (Tex. 1985).

 The TNRCC has not suggested what administrative remedy is available for Koch to
pursue in order to compel the agency to commence performing the duties alleged in Koch's petition,
duties the agency has allegedly neglected to perform "with reasonable promptness." Nor have we
found in the relevant statutes any such remedy. In all events, however, the exhaustion rule is not
without exceptions. For example, judicial intervention is not barred by the rule when an
administrative agency purports to act outside its statutory powers. See Westheimer Indep. Sch. Dist.
v. Brockette, 567 S.W.2d 780, 785 (Tex. 1978). In such a case, the purposes underlying the
exhaustion rule are not applicable: judicial and administrative efficiency are not served, and agency
policies and expertise are irrelevant, if the agency's final action will be a nullity. See Alfred C.
Aman, Jr. & William T. Mayton, Administrative Law § 12.9 at 404-05 (1993). Nor are those
purposes applicable, it seems to us, when an agency fails or refuses to perform a statutory duty "with
reasonable promptness." So far as we have learned, Koch's only available remedy in such a case is
necessarily judicial, not administrative, and it exists in section 5.352 of the Texas Water Code.

 We hold the exhaustion rule did not preclude trial-court jurisdiction.


STANDING


 A plaintiff's want of standing to bring a particular action deprives the trial court of
subject-matter jurisdiction or the power to hear and determine that action. See State Bar v. Gomez,
891 S.W.2d 243, 244 (Tex. 1994). Among its pleas to the jurisdiction, the TNRCC contended Koch
lacked standing to maintain an action based upon allegations that the TNRCC had failed to perform
within a reasonable time its duty under section 5.236(a)(2) of the Texas Water Code. The statute
provides as follows:


 If the executive director acquires information that confirms that a potential
public health hazard exists because usable groundwater has been or is being
contaminated, the executive director, not later than the 30th day after the date
on which the executive director acquires the information confirming
contamination, shall give written notice of the contamination to the following
persons:



 . . . . 


 (2) any person under the commission's jurisdiction who is suspected of
contributing to the contamination; . . .



Tex. Water Code Ann. § 5.236(a)(2) (West 2000) (Emphasis added.)

 Based upon his allegation that the TNRCC had failed to issue notice to persons
suspected of contributing to the contamination within a reasonable time, Koch prayed that the trial
court order the TNRCC to require its executive director to proceed toward issuing such notice. At
any rate, that is our interpretation of Koch's petition which names the TNRCC, but not its executive
director, as a defendant.

 The TNRCC relies upon the rule that a litigant is not prejudiced by another affected
person's failure to receive notice of a legal proceeding. (5) Given the legal effect of section 5.236(a)(2),
however, we believe the rule is inapplicable here. Koch's complaint, as we understand it, is not that
an affected person's right to receive notification of a pending proceeding has been neglected; in that
regard he could not be prejudiced. He complains instead that the notice required by section
5.236(a)(2) is essential for official identification of persons suspected of contributing to the
contamination, and that identification has not been attempted or made by the executive director. 
Such identification is a necessary step under TNRCC rules toward remediation of the contamination,
a matter in which Koch has been prejudiced by the executive director's and the TNRCC's delay and
inaction, according to Koch's allegations, which we accept as true for present purposes.

 We hold the trial court's dismissal of Koch's action based upon section 5.236(a)(2)
may not rest upon the TNRCC's plea that Koch lacked standing to maintain that action.


EXCLUSIVE AND PRIMARY JURISDICTION


 Among its pleas to the jurisdiction, the TNRCC included the following:


[T]he Court should dismiss the claims against the TNRCC because the agency has
primary or exclusive jurisdiction to decide whether a particular site should be listed
on its registry, and the [TNRCC] has not yet decided whether [the contaminated area]
should be included on the registry.



In almost the same words, the TNRCC's brief on appeal repeats the foregoing contention unadorned
by citation of authority or argument. See Tex. R. App. P. 38.1(h), 38.2(a)(1).

 Section 5.352 of the Texas Water Code confers upon the district courts of Travis
County a distinct statutory jurisdiction. We have discussed that matter at length above. The statute
assumes and operates upon a predicate that the TNRCC possesses jurisdiction to perform a particular
duty, whether exclusive or primary, and empowers the reviewing court to order the agency "to show
cause why it should not be directed to take immediate action" toward performing that duty in cases
of unreasonable delay. Tex. Water Code Ann. § 5.352. The statute thus operates as an express
statutory exception (limited to the circumstances described in the statute) to the doctrines of
exclusive and primary jurisdiction. The reasons for the doctrines and their purposes are not present
in such cases. See Cash Am. Intl., Inc. v. Bennett, 35 S.W.3d 12, 15-19 (Tex. 2000). We hold the
doctrines did not deprive the trial court of jurisdiction.


MOOTNESS


 Koch requested in his petition that the court order the TNRCC "to consider the
contaminated area . . . for listing on the state registry pursuant to the assessment and remediation
[sic] program outlines at 30 Tex. Admin. Code, Chapter 335, Subchapter K, § 335.341-335.352."
Among its pleas to the jurisdiction, the TNRCC averred that Koch's action for such relief was moot
because "[t]he TNRCC is considering Koch's request [filed in the agency in March 1999] that the
contaminated area be placed on the state registry." (Emphasis added). In its brief, the TNRCC
repeats its plea without citation to authority or argument.

 The mootness doctrine prohibits a court from deciding a legal controversy that no
longer exists. The purpose of the doctrine is to preclude the rendition of advisory opinions. See
Iranian Muslim Org. v. City of San Antonio, 615 S.W.2d 202, 209 (Tex. 1981); Texas Alcoholic
Beverage Comm'n v. Carlin, 477 S.W.2d 271, 273-74 (Tex. 1972).

 Koch's petition alleges a controversy that continues in existence because the TNRCC
has failed to bring its consideration to a decision, with reasonable promptness, concerning the issue
of whether to list the contaminated area on the state registry. We believe his allegations bring the
issue squarely within the jurisdiction conferred upon the Travis County district courts in section
5.352 of the Texas Water Code. We have discussed at length above our views as to the force and
effect of that statute and need not repeat that discussion here. We hold the mootness doctrine did
not deprive the trial court of its statutory jurisdiction.

 For the reasons given above, we hold the trial court erred in dismissing for want of
jurisdiction Koch's claims under section 5.352 of the Texas Water Code. We therefore reverse the
judgment below and remand the cause to the trial court.



 

 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Yeakel and Powers*

Reversed and Remanded

Filed: May 31, 2001

Publish










* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
 See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Koch sued the TNRCC but not its executive director. Koch apparently relies upon a
theory that the executive director's duties, actions, and inactions are those of the TNRCC itself
because the executive director manages "the administrative affairs of the [TNRCC] under the general
supervision and direction of the" TNRCC. Tex. Water Code Ann. § 5.221 (West 2000). 
2. The cited regulations "establish an assessment and remediation program to identify and
assess facilities that may constitute an imminent and substantial endangerment to public health and
safety or the environment due to a release or threatened release of hazardous substances into the
environment." 30 Tex. Admin. Code § 335.341(a). The following subsection prescribe "procedures
for identifying, proposing, listing, and delisting facilities on the State Registry." Id. § 335.341(b).
3. The Supreme Court of Texas possesses exclusive original jurisdiction to issue writs of
mandamus directed at certain officers of the state. See Tex. Gov't Code Ann. § 22.002(a), (c) (West
Supp. 2001). The TNRCC as a legal entity and its executive director do not come within that
jurisdiction. See McFall v. State Bd. of Educ., 110 S.W. 739, 740 (Tex. 1908); Betts v. Johnson, 73
S.W. 4, 11 (Tex. 1903).
4. Judicial intervention into an ongoing agency proceeding is a serious matter, possibly
involving constitutional questions. Consequently, the federal courts adhere to a highly deferential
attitude in applying section 706(1) of the federal Administrative Procedure Act.


 The federal statute requires an evidentiary hearing and a detailed examination of the
manner in which the agency has handled the specific case. See 2 Kenneth Culp Davis & Richard J.
Pierce, Jr., Administrative Law Treatise § 12 at 219 (3d ed. 1994 & Supp. 1998). A six-part test,
derived from the opinion in Telecommunications Research & Action Ctr. v. FCC, 750 F.2d 70, 78
(D.C. Cir. 1984), is applied generally by federal courts, as follows:


[T]he time agencies take to make decisions must be governed by a "rule of
reason" . . . ; (2) where congress has provided a timetable or other indication
of the speed with which it expects the agency to proceed in the enabling statute,
that statutory scheme may supply context for this rule of reason. . . ;  (3) delays
that might be reasonable in the sphere of economic regulation are less tolerable
when human health and welfare are at stake. . . ; (4) the court should consider
the effect of expediting delayed action on agency activities of a higher or
competing priority . . . ; (5) the court should also take into account the nature
and extent of the interest prejudiced by delay . . . ; and (6) the court need not
"find any impropriety lurking behind agency lassitude in order to hold that
agency action is unreasonably delayed."


Id. at 80 (citations omitted). While it is difficult for a plaintiff to prevail under the foregoing test,
in the sense of obtaining from the court a deadline for agency action, an agency will sometimes
"voluntarily" propose to the court a timetable for agency action that the court will accept. "This, in
turn, creates continuing pressure on the agency to conform to its timetable." 2 Kenneth Culp Davis
& Richard J. Pierce, Jr., supra § 12 at 220.
5. The TNRCC cites the following decisions illustrating application of the rule: McDaniel
v. Texas Natural Res. Conservation Comm'n, 982 S.W.2d 650, 653 (Tex. App.--Austin 1998, pet.
denied) (opponent of waste-disposal site not prejudiced by agency failure to notify other
landowners); Smith v. Houston Chem. Servs., Inc., 872 S.W.2d 252, 273 (Tex. App.--Austin 1994,
writ denied) (same); Murmur Corp. v. Board of Adjustment, 718 S.W.2d 790, 793 (Tex.
App.--Dallas 1986, writ ref'd n.r.e.) (subsequent purchaser not prejudiced by lack of notice to
previous owner).



n E. Powers, Justice

Before Chief Justice Aboussie, Justices Yeakel and Powers*

Reversed and Remanded

Filed: May 31, 2001

Publish










* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
 See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Koch sued the TNRCC but not its executive director. Koch apparently relies upon a
theory that the executive director's duties, actions, and inactions are those of the TNRCC itself
because the executive director manages "the administrative affairs of the [TNRCC] under the general
supervision and direction of the" TNRCC. Tex. Water Code Ann. § 5.221 (West 2000). 
2. The cited regulations "estab