Dismissed and Memorandum Opinion filed August 31, 2004









Dismissed and Memorandum Opinion filed August 31,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00373-CV

____________

 

H. K. BARRETT
and ALICE BARRETT, Appellants

 

V.

 

CONSTANCE
WASSON BARRETT and STEPHEN K. BARRETT, Appellees

 



 

On Appeal from the
387th District Court

Fort Bend
County, Texas

Trial Court Cause No.
01-CV-122041

 



 

M E M O R A N D U M   O P I N I O N

Appellants, H. K. Barrett and Alice Barrett, appeal from an
order striking their petition in intervention seeking access to their
grandchild.  Appellants challenge the
trial court=s order in two issues on appeal.  Because the record before this court fails to
establish we have jurisdiction over the appeal, we must dismiss.

Factual and Procedural Background








Constance Wasson Barrett filed a petition for divorce from
her husband, Stephen K. Barrett, in 2001. 
The parties have one child of the marriage, B.A.B.  Appellants, the child=s paternal grandparents, filed a
petition in intervention seeking access to the child on September 12,
2002.  See Tex. Fam. Code Ann. ' 153.433 (Vernon 2002) (AThe Grandparent Access Statute@). 
On December 13, 2002, Constance Barrett filed a motion to strike the
intervenors= pleadings.  On February 13, 2003, the trial court
conducted an evidentiary hearing on the merits of appellants= petition in intervention.  At the conclusion of the hearing, the trial
court denied appellants access to their grandchild and ordered their petition
in intervention stricken.  The trial
court signed its order granting the motion to strike the petition in
intervention, effectively dismissing appellants= cause of action, on February 27,
2003.  Appellants filed a request for
findings of fact and conclusions of law, and the trial court signed its
findings and conclusions on March 7, 2003. 
This
appeal followed.  

Jurisdiction

Although not raised by the parties, we are
obligated to determine sua sponte our
jurisdiction to hear this appeal.  See
Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
443 (Tex. 1993): New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d
677, 678 (Tex. 1990).  With few
exceptions, appeals are allowed only from final judgments.  Mafrige v. Ross, 866 S.W.2d 590, 591‑92
(Tex. 1993); North E. I. S. D. v. Aldridge, 400 S.W.2d 893, 895 (Tex.
1966).  Appellate courts have
jurisdiction to consider immediate appeals of interlocutory orders only if a
statute explicitly provides appellate jurisdiction.  Stary v. DeBord, 967 S.W.2d 352, 352‑53
(Tex. 1998).  The legislature has
specifically authorized the appeal of some interlocutory orders.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon
Supp. 2004) (authorizing interlocutory appeals of orders such as those
appointing receivers or trustees, certifying or refusing to certify a class,
granting or refusing temporary injunctions, and denying motions for summary
judgment based upon claims of immunity or free speech grounds).








In this case, there is no final decree of
divorce in our record.  Nor is there an
order severing appellants= claims from the divorce.[1]  Therefore, the order striking appellants= intervention is
interlocutory.  No statute provides for
interlocutory appeal of an order dismissing or striking a petition in intervention, or denying
permission to intervene.  Such an order
may not be appealed by the intervenor before the rendition of final judgment
between the original parties.  See Mueller
v. Banks, 302 S.W.2d 447, 448 (Tex. Civ. App.CEastland 1957,
writ ref=d); Metromedia Long Distance, Inc. v.
Hughes, 810 S.W.2d
494, 499 (Tex. App.CSan Antonio 1991, writ denied);  League of United Latin Am. Citizens v. Lo‑Vaca
Gathering Co., 527 S.W.2d 507, 508 (Tex. Civ. App.CSan Antonio 1975, writ ref=d n.r.e.).  Because the order striking appellants= petition in
intervention is not an appealable interlocutory order, it is not within our
power to review for error.

On August 13, 2004, notification was
transmitted to all parties of the court=s intention to
dismiss the appeal for want of jurisdiction. 
See Tex. R. App. P. 42.3(a).  Appellants filed no response.

Accordingly, the appeal is ordered
dismissed.

 

PER CURIAM

 

 

Judgment
rendered and Memorandum Opinion filed August 31, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman. 











[1]  We note that at
the conclusion of the evidentiary hearing in this matter, appellants= counsel stated he would present a motion to sever the
intervention.  No motion or severance
order has been included in our record, however.