**Opinion filed October 28, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00389-CV

_____

## JERRY SPENCE D/B/A BIG COUNTRY IRRIGATION, Appellant

## V.

## MARK HADLEY AND VIRGINIA REGER MORTON, TRUSTEE OF THE VIRGINIA REGER MORTON REVOCABLE LIVING TRUST, Appellees

### On Appeal from the 259th District Court
### Jones County, Texas
### Trial Court Cause No. 024543

### M E M O R A N D U M   O P I N I O N

This is a restricted appeal from an "Order Granting Summary Motion to Remove Invalid Lien." The motion upon which this order was based was limited in scope—it simply sought to remove a lien that had been filed in the Jones County property records. The hearing on the motion only addressed the limited relief that had been requested in the motion. But the order granting the motion, that was prepared by Appellees' attorney, granted much more relief than simply removing

the lien—it also provided that Appellant take nothing on all of his claims seeking payment from Appellees. Counsel for Appellant did not become aware of the "take nothing" component of the judgment until more than thirty days after it was entered. We conclude that Appellant may challenge the judgment by way of restricted appeal. We affirm in part, and reverse and remand in part.

*Factual and Procedural History*

Appellant, Jerry Spence d/b/a Big Country Irrigation, entered into an oral agreement with Appellees, Mark Hadley and Virginia Reger Morton, Trustee of the Virginia Reger Morton Trust, in which Appellant agreed to repair two water wells for Appellees in exchange for payment. On October 23, 2018, Appellant filed a petition in District Court in Jones County, Texas, alleging breach of contract and seeking damages, attorney's fees, a decree recognizing Appellant's mechanic's lien, and foreclosure upon said lien. On November 19, 2018, Appellees answered and asserted an affirmative defense as to the mechanic's lien on the grounds that the property on which the water wells are situated is Morton's designated homestead and that the contract was not in writing.

On January 30, 2019, Appellees filed a summary motion to remove the invalid lien from the homestead. On April 8, 2019, Appellees' counsel e-mailed Appellant's counsel to confirm that he received notice that the hearing on Appellees' motion had been set for May 10, 2019. Appellant's counsel explained that he would be out of the country on that day and requested that Appellees reschedule the hearing. Appellees's counsel responded, "Yes, I'll agree to a continuance." However, the hearing was never rescheduled.

At the May 10 hearing, the trial court asked Appellees whether anyone entitled to notice of the hearing was absent; Appellees responded that Appellant "has received notice and has not appeared." The hearing proceeded without

2

Appellant's counsel, but the trial court revisited the matter of the absence of Appellant's counsel, resulting in the following exchange:

> THE COURT: [H]ow did you serve Mr. Boone [Appellant's Counsel] with notice of today's hearing?
>
> [APPELLEES' COUNSEL]: Electronic service and then I followed up with an e-mail directly to him. He did respond to my e-mail.
>
> THE COURT: And did he say he wouldn't be here today?
>
> [APPELLEES' COUNSEL]: He indicated that he was going to file for a continuance -- or he actually requested that I file a continuance; however, I cannot do that, sir, because my -- that would be indirect [sic] violation of the interest of my client. I did tell him that if he were to seek a continuance that I would not oppose him.
>
> (Brief pause. Court on the phone.)
>
> THE COURT: Mr. Campbell, Mr. Boone, he practices up here. The reason I called is he -- I don't know that he's ever missed a hearing or even been late for a hearing. He's out of the country. His paralegal said she didn't have it on the calendar. Are you wanting to proceed forward with your relief today?
>
> [APPELLEES' COUNSEL]: Yes, sir.

Appellees then submitted a proposed order to the trial court, granting Appellees' summary motion for removal of the invalid lien. The trial court instructed Appellees to e-file the proposed order and it would be entered.

There was no discussion at the hearing, nothing in the title of the order, and nothing in the record, other than the fact that it had been e-filed, indicating that the trial court or Appellant's counsel was actually aware that the proposed order, in addition to removing the lien, also included an inserted paragraph with the following language:

> IT IS ORDERED that [Appellant] . . . take nothing against [Appellees] . . . [and] that all claims asserted by [Appellant] are denied. . . .

3

. . . .

. . . This judgment finally disposes of all parties and claims and is appealable.

Although there was no discussion of it during the hearing or evidence of same submitted, the order also summarily ordered that Appellant "pay reasonable attorney's fees in the amount of $5,000.00 to [Appellees]."[1] The trial court signed this order on June 20, 2019.

On November 21, 2019, Appellant moved for summary judgment on his breach of contract claim. Four days later, Appellees submitted a plea to the jurisdiction, arguing that the trial court lacked jurisdiction over Appellant's breach of contract claim because the order it had signed five months earlier, drafted by Appellees' counsel, "explicitly states that, 'all claims asserted by [Appellant] are denied.'" Appellant's counsel responded that "[d]espite no grounds for that relief and no notice to me of the proposed judgment, [Appellees' counsel] attempted to defeat [Appellant's] claims by trickery and deceit." Appellant then filed a notice of

---

[1]We are mindful of the following provisions of THE TEXAS LAWYER'S CREED—A MANDATE FOR PROFESSIONALISM:

> *I know that Professionalism requires more than merely avoiding the violation of laws and rules.*
>
> *. . . .*
>
> *III. . . . A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings.*
>
> *. . . .*
>
> 11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.
>
> 12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the Court.

restricted appeal on December 12, 2019, eight days before the six-month deadline to do so. *See* TEX. R. APP. P. 26.1(c).

On restricted appeal, Appellant advances two issues: (1) that, while the trial court correctly removed Appellant's mechanic's lien from Appellees' homestead property, it reversibly erred when it also dismissed Appellant's entire breach of contract claim and (2) that the trial court abused its discretion in awarding attorney's fees in the amount of $5,000 to Appellees because it had no evidence or basis upon which to conclude that such an amount was necessary, just, and equitable. Appellees counter that we have no jurisdiction to consider this case on restricted appeal because Appellant participated in the decision-making process that resulted in the dismissal of all of his claims and only failed to timely appeal through the ordinary channels because of his own negligence. Appellees also argue that Appellant cannot prevail on his first issue because he failed to plead breach of contract alongside his foreclosure of mechanic's lien claim and that Appellant cannot contest the sufficiency of the evidence to support the trial court's award of attorney's fees because the scope of a restricted appeal is confined to the face of the record.

> I. *Jurisdiction – Appellant is entitled to a restricted appeal, under Tex. R. App. P. 30, because he did not participate in the decision-making event that erroneously and finally disposed of his claim for breach of contract, and any negligence on Appellant's part is irrelevant.*

A. *Standard of Review*

Under Rule 30 of the Texas Rules of Appellate Procedure: "A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a [timely] notice of appeal . . . may file a notice of appeal within [six months after the judgment or order is signed]." Appellees challenge our jurisdiction on the ground that Appellant sufficiently

participated in the summary judgment decision which eliminated all of his claims and failed to timely appeal, thus barring his entitlement to a restricted appeal. Appellees fail to demonstrate how Appellant runs afoul of Rule 30.

With respect to the non-participation requirement, any doubts or ambiguities will be resolved in Appellant's favor because, "[f]or over half a century, [the Texas Supreme Court] ha[s] required courts to liberally construe the non-participation requirement for restricted appeals in favor of the right of appeal." *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see also Lawyers Lloyds of Texas v. Webb*, 152 S.W.2d 1096, 1098 (Tex. 1941) ("statutes giving and regulating the right of appeal . . . should be liberally construed in favor of the right of appeal"). Ultimately, in determining whether Appellant participated for purposes of Rule 30, "the question is whether the appellant has participated in '*the decision-making event*' that results in judgment adjudicating the appellant's rights." *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) (emphasis added). Making this determination defies bright-line rules because "[t]he nature and extent of participation that precludes [restricted] appeal . . . in any particular case is a matter of degree," insofar as "trial courts decide cases in a wide variety of procedural settings." *Id.* at 589; *see also Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985).

Appellant's alleged negligence in failing to timely file an ordinary appeal is inapposite. The Texas Supreme Court has made clear that an appellant in a restricted appeal "is not required to show diligence or lack of negligence before its complaints will be heard." *Texaco*, 925 S.W.2d at 590. In short, "it is the *fact* of nonparticipation, not the reason for it, that determines the right to appeal by [restricted appeal]." *Id.* No further analysis is necessary to immediately dispose of Appellees' argument that somehow Appellant's negligence precludes a restricted appeal.

B. *Analysis*

We address Appellees' claim that Appellant participated in the summary judgment decision that disposed of his breach of contract claim, thereby barring a restricted appeal. The specific procedural setting in this case revolves around Appellees' summary motion for removal of an invalid lien. The Texas Supreme Court has specifically stated that because "a summary judgment is decided on the evidence presented in support of, or in reply to, the motion for summary judgment," "a party who has taken part in all steps of a summary judgment proceeding except the hearing on the motion has participated in the [decision-making event]." *Id.* at 589. Thus, we examine whether Appellant participated in every step of the summary judgment on his breach of contract claim, other than attending the hearing.

Appellees specifically argue that Appellant participated by:

1. conducting a deposition of Virginia Morton,

2. requesting and receiving written discovery,

3. submitting a letter to the trial court in response to the hearing, and

4. amending their pleadings to avoid the summary judgment.

To evaluate the merits of this argument, we consider each of these acts and the context in which they occurred.

Appellees' motion presented grounds for removing Appellant's mechanic's lien but did not address Appellant's breach of contract claim. At the hearing on May 10, from which Appellant was absent, Appellees reiterated their arguments for removing the mechanic's lien but again made no mention of Appellant's breach of contract claim. At no point would Appellant have had any reason to believe that the trial court's disposition on the attachment of a mechanic's lien would impact the merits of his cause of action for breach of contract or other pled causes. Accordingly, participation in breach of contract discovery or pleadings other than summary

judgment related to the removal/maintenance of the mechanic's lien does not disqualify Appellant from pursuing a restricted appeal in this matter.

With respect to the discovery conducted, Appellant did depose Virginia Reger Morton on March 22, 2019, and questioned her about whether Appellees contracted with Appellant for services and whether she failed to make any payments, eliciting mostly affirmative answers. The deposition focused on whether a contract existed and whether Appellees were in breach—in support of Appellant's contractual cause of action—should Appellant prove his entitlement to the relief requested. The deposition did not discuss Appellant's attachment of a lien to the property in order to ensure recovery of damages, nor did it address Appellees' designation of the property or the grant of a homestead exemption by the county. *See* TEX. PROP. CODE ANN. § 41.005(c) (West 2014). Appellant's deposition of Morton was conducted for the general purposes of gathering evidence to support the breach of contract claim. The same is true as to the written discovery vaguely referenced by Appellees. They, therefore, are not evidence of participation that would run contrary to Rule 30 in Appellant's pursuit of a restricted appeal.

Appellees claim that Appellant's May 10 e-mail to the trial court also constituted participation that excludes Appellant from a restricted appeal. However, that e-mail sought merely to inform the trial court of the reason for Appellant's absence from the hearing and did not argue the merits of the motion. On the record before us, Appellant never appears to have contested Appellees' right to removal of the mechanic's lien, perhaps because he conceded to its removal. Given that there was never any prehearing notice to Appellant that anything other than the validity of the mechanic's lien was being addressed on May 10, it is not surprising that the e-mail from Appellant's trial counsel amounted to no more than a polite explanation of his absence. It is unlikely that trial counsel would have written such a casual and disinterested e-mail had he known otherwise. In any event, under these

circumstances, the e-mail does not constitute participation in the decision-making event. It merely constitutes an explanation of absence from a decision-making event.

Appellant's amended original petition, which added quantum meruit as an alternative theory for the recovery of damages and attorney's fees for breach of contract, was filed over a month after the May 10 hearing. It was not responsive to Appellees' summary motion for removal of the invalid lien. The amended petition included additional theories of recovery that were neither raised nor discussed with the trial court at the May 10 hearing for nonpayment of work done. Again, such alleged participation does not disqualify Appellant from pursuing a restricted appeal.

In support of their position, Appellees point to *Thacker v. Thacker*, which held that a party participated in summary judgment proceedings by filing an opposing affidavit and directing interrogatories to the movant. 496 S.W.2d 201, 202 (Tex. App.—Amarillo 1973, no writ). This case is inapposite, however, because the appellant in *Thacker* took prehearing actions directly by responding to and attacking the grounds upon which the appellee sought summary judgment. *Id.* By contrast, Appellant in this case did not file any opposing affidavit, and his interrogatories sought general discovery relevant to all of his claims but not anything uniquely relevant to the issue of whether a mechanic's lien was valid. Importantly, in *Thacker*, the trial court's order granting summary judgment only disposed of matters actually raised in the motion for summary judgment and argued by both parties. *Id.* The same cannot be said for the present case, in which the trial court signed an order disposing of claims that were never addressed in Appellees' summary motion for removal of the mechanic's lien. Indeed, even if Appellant had participated in every step of proceedings regarding Appellees' summary motion for removal of the invalid lien, this still would not have constituted participation in summary judgment on the breach of contract claim, since that issue was never raised by the movant and thus was never on the chopping block. *See infra* Section II.

In this case, Appellant did not participate in every step of the summary judgment proceedings, minus physical attendance at the hearing, on the validity of the mechanic's lien. *See Aldrete v. City of McAllen*, No. 13-16-00587-CV, 2018 WL 1417485, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2018, pet. denied) (mem. op.). Appellant received no notice from the content of Appellees' motion for summary removal of the lien (or elsewhere) that any claim besides the validity of Appellant's mechanic's lien would be determined by the trial court's ruling on the motion. Appellant did not file a response to Appellees' motion, and as he had advised opposing counsel, Appellant's trial counsel was absent from the hearing on Appellees' motion. Appellant had no notice that the trial court, in deciding whether Appellant's mechanic's lien needed to be removed from Appellees' homestead property, would also dispose of claims that in no way depended on the fate of the mechanic's lien. On these facts, and in light of our mandate to construe such matters in favor of an appellant's right to appeal, we cannot accept Appellees' contention that Appellant is prohibited from a restricted appeal because he participated in the decision-making event that adversely affected his rights. Therefore, we conclude that we have jurisdiction to consider Appellant's restricted appeal. Accordingly, Appellees' motion to dismiss the appeal is denied.

II. *Issue One – The trial court erred in granting summary judgment on Appellant's breach of contract claim because only removal of Appellant's mechanic's lien had been raised in Appellees' Summary Motion to Remove Invalid Lien.*

A. *Standard of Review*

We review a grant of summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). If a trial court's grant of summary judgment decrees that "plaintiff take nothing," even if the movant sought summary judgment "on only one of [multiple] claims asserted by the plaintiff," then "the judgment is final—erroneous, but final."

10

*Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001) (alteration in original) (quoting *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)). Thus, with respect to any claim that the movant does not specifically attack in its motion, "summary judgment on that claim [i]s erroneous." *Id.* Indeed, not only may a trial court not grant summary judgment on any claim not specifically addressed in the motion, but an appellate court may not consider any matter outside the scope of the movant's motion in reviewing a grant of summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex. 1993) ("**The motion** for summary judgment must **itself** state specific grounds on which judgment is sought. . . . **The motion** for summary judgment must stand or fall on the grounds **it** specifically and expressly sets forth. . . . [And] a summary judgment cannot be sustained on a ground not specifically **set forth in the motion**." (quoting *Westbrook Constr. Co. v. Fid. Nat'l Bank of Dallas*, 813 S.W.2d 752, 754–55 (Tex. App.—Fort Worth 1991, writ denied))). Thus, "if the grounds for summary judgment are not expressly presented in the motion . . . itself, the motion is legally insufficient as a matter of law." *Id.* at 342.

B. *Analysis*

Appellees in this case filed a summary motion for removal of an invalid mechanic's lien, and specifically stated the grounds upon which they were entitled to such relief. However, Appellees did not state specific grounds on which they sought or believed they were entitled to summary judgment on Appellant's breach of contract claim. Thus, as a matter of law, Appellees' summary motion was legally insufficient to warrant a grant of summary judgment on Appellant's breach of contract and other remaining claims. *Id.* Thus, "because the breach of contract claim was not addressed in [Appellees'] motion, summary judgment on that claim was erroneous." *Satterwhite*, 65 S.W.3d at 655.

11

Appellees contend that the trial court's grant of summary judgment on all of plaintiff's claims was not erroneous because "Appellant failed to plead any cause of action other than to foreclose its mechanic's lien." Appellees acknowledge our mandate to "liberally construe the pleadings in the pleader's favor," but ultimately characterize Appellant's breach of contract claim as "plainly not there." *See Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018). We disagree with that characterization. Appellant's original petition plainly alleges a claim for breach of contract. Paragraph four of Appellant's original petition describes the parties as having "entered into a [sic] oral contract by which [Appellant] agreed to provide materials and labor relating to the pulling and repair of two water wells . . . [and Appellees] agreed to pay . . . the reasonable and necessary charges for the repair." Paragraph five states that "[Appellant] fully performed all conditions, covenants, and promises required under the contract." And finally, the very title of paragraph six itself is: "Damages; Balance Due on Contract." In short, Appellant's breach of contract claim is, in fact, plainly there.

Appellees alternatively argue that, even if breach of contract was pleaded by Appellant, it was not clear because it was not in a separate count from the lien claim, as required by Rule 50 of the Texas Rules of Civil Procedure. This argument has no merit. Paragraphs four through six of Appellant's original petition allege breach of contract, whereas Appellant's claim for foreclosure of a mechanic's lien is confined entirely to paragraph eight and the prayer for relief. Moreover, in the prayer for relief, Appellant makes nine requests, with damages for breach of contract being number one, and a judgment recognizing Appellant's mechanic's lien and foreclosure of said lien at numbers four and five. Not only are these prayers for relief clearly separate, but they are *separated* by two other separate forms of relief.

Because Appellant plainly alleged breach of contract in his original petition, separate from his mechanic's lien claims, we conclude that the trial court's grant of

summary judgment, denying "all claims asserted by [Appellant]," is erroneous as a matter of law. Appellant does not dispute the trial court's removal of the mechanic's lien, nor do we find error with the court's judgment in that respect. Thus, we sustain Appellant's first issue, but we affirm the trial court's removal of Appellant's mechanic's lien.

> III. *Issue Two – The trial court erred in awarding attorney's fees of $5,000 to Appellees because there is insufficient evidence on the face of the record to indicate that an award in that amount is reasonable, just, and equitable.*

### A. *Standard of Review*

On restricted appeal, the error complained of must be apparent on the face of the record. *See Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). This is not a jurisdictional requirement. Rather, when an appellate court does have jurisdiction over an appellant's restricted appeal, the appellant can only prevail on their alleged point of error if it appears on the face of the record. *Id.* at 497. With the exception of being confined to the face of the record, a review by restricted appeal "affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case." *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The face of the record "consists of all the papers on file in the appeal, including the statement of facts," and "review of the entire case includes review of legal and factual insufficiency claims." *Id.*

Section 53.156 of the Texas Property Code states that in any proceedings to either foreclose on a lien or to declare a lien invalid or unenforceable, "the court *shall* award costs and reasonable attorney's fees as are equitable and just." PROP. § 53.156 (emphasis added). Prior to September 1, 2011, this statute instructed that courts "*may*" award reasonable, just, and equitable attorney's fees, but the legislature has since made such an award—when reasonable, just, and equitable—mandatory. *See* Act of May 2, 2011, 82d Leg., R.S., ch. 51, § 1, 2011 Tex. Gen. Laws 80. Thus,

trial courts no longer have discretion with respect to whether to award attorney's fees in lien proceedings, unless there is no amount which, if awarded, would be reasonable, just, and equitable.

In reviewing an award of attorney's fees under Section 53.156, appellate courts "must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary, or when the award was inequitable or unjust." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Trial courts have discretion to refuse an award of attorney's fees when doing so would be unjust or inequitable. *See, e.g.*, *Acme Energy Servs., Inc. v. Staley*, 569 S.W.3d 841, 851 (Tex. App.—El Paso 2019, no pet.) (Court of appeals upheld trial court's refusal to award attorney's fees under Section 53.156, concluding that, "[a]warding fees in an equitable and just way is a matter squarely within the trial court's discretion."). And courts may not award attorney's fees that are unreasonable, based on the evidence presented to the trial court in support of such an award. *See Bocquet*, 972 S.W.2d at 21 ("Unreasonable fees cannot be awarded, even if the court believed them just[.]"). Thus, there must be sufficient evidence to support a finding that the amount of fees awarded is reasonable and then the trial court has additional discretion to determine whether such an award would also be equitable and just. *Id.*

For purposes of our review, it is important to note that "[i]t is an abuse of discretion for a trial court to rule . . . without supporting evidence." *Id.* (citing *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Indeed, when a statute authorizes the awarding of attorney's fees to a prevailing party, "the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). The purpose of statutes that authorize the awarding of attorney's fees is "to compensate the prevailing party for its reasonable losses resulting from the

litigation process," and thus, "only fees reasonable and necessary for the legal representation will be shifted . . . and not necessarily the amount contracted for between the prevailing party and its attorney." *Id.* at 487. A trial court must possess "sufficient information to make a meaningful evaluation of the application for attorney's fees," and any charges for "duplicative, excessive, or inadequately documented work should be excluded." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012).

The standard for determining whether an award of attorney's fees is reasonable and necessary is the *lodestar method*, according to which the factfinder must begin by determining "the reasonable hours worked multiplied by a reasonable hourly rate," and the party seeking the award of attorney's fees "bears the burden of providing sufficient evidence on both counts." *Rohrmoos*, 578 S.W.3d at 498. This calculation requires some basic information, "including itemizing specific tasks, the time required for those tasks, and the rate charged by the person performing the work." *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013). To establish these details, an attorney may simply testify. However, "in all but the simplest cases, the attorney would probably have to refer to some type of record or documentation to provide this information." *El Apple*, 370 S.W.3d at 763. And even in the rare case, where testimony alone might suffice, "testimony in *generalities* about tasks performed in a case that d[o] not provide enough information for a meaningful review of whether the tasks and hours were reasonable and necessary [i]s an insufficient basis for a lodestar calculation." *Montano*, 414 S.W.3d at 735–36.

B. *Analysis*

In the present case, Appellees argue that because our review is confined to the face of the record, we are not permitted to review the sufficiency of the evidence. Appellees offer no caselaw to support this contention. Nevertheless, we need not search for controlling authority other than that the Texas Supreme Court has said

15

precisely the opposite in *Norman*, holding that appellate courts review the entire case on restricted appeal, which "necessarily . . . includes review of legal and factual insufficiency claims." 955 S.W.2d at 270.

Appellees also point out that Appellant misstates the law by characterizing the statute authorizing attorney's fees in lien proceedings as instructing trial courts that they "may" award such fees, when the statute currently states that they "shall" award them. Appellees are correct on this point. The statute has been amended to replace the word "may" with the word "shall." *See* PROP. § 53.156. However, as previously explained, by its plain language this linguistic substitution only removed a trial court's discretion to refuse to award attorney's fees even when they are reasonable, just, and equitable. It did not, however, change the requirement that "[u]nreasonable fees cannot be awarded" or the principle that "[i]t is an abuse of discretion . . . to rule without supporting evidence." *Bocquet*, 972 S.W.2d at 21.

Appellees, as the parties seeking an award of attorney's fees following removal of an invalid lien in the present case, had the burden of producing sufficient evidence of (1) the reasonable hours worked on specific, itemized tasks undertaken to litigate the removal of the lien and (2) the reasonable hourly rate for that work. *See Rohrmoos*, 578 S.W.3d at 498. Appellant argues that Appellees did not provide sufficient evidence and that the trial court thereby abused its discretion in granting a $5,000 award of attorney's fees based on insufficient evidence. Appellees claim that they did provide sufficient evidence in their "Supplemental Response to Appellant's Request for Disclosures" and by the sheer fact of having filed pleadings and attending depositions and hearings. However, the only information Appellees provided in their supplemental response was anemic, conclusory, and overly general: "Attorney's fees billed and estimated through arguments on Summary Motion to Remove Invalid Lien pursuant to Texas Property Code § 53.156. Attorney's fees are billed at a rate of $200 per hour." This assertion that the rate is $200 per hour

16

does not, however, establish that $200 per hour is the reasonable rate for such work. *See id.* at 487. Moreover, there is no indication of the specific, itemized tasks that were conducted, nor the number of hours dedicated to conducting each one. *See Montano*, 414 S.W.3d at 736. As such, there is insufficient information on the face of the record to calculate even the lodestar baseline for a reasonable award of attorney's fees in this case. *See Rohrmoos*, 578 S.W.3d at 498; *Montano*, 414 S.W.3d at 736; *El Apple*, 370 S.W.3d at 763.

Furthermore, Appellees cannot cure the above deficiency and establish the reasonableness of the trial court's award of $5,000 in attorney's fees by simply pointing out that Appellees filed pleadings, attended depositions, and attended hearings. *See, e.g.*, *El Apple*, 370 S.W.3d at 763 (holding that attorneys presented insufficient evidence to establish the reasonableness of their requested award of attorney's fees because they "based their time estimates on generalities such as the amount of discovery in the case, the number of pleadings filed, the number of witnesses questioned, and the length of the trial," noting that while such facts are relevant, "it provides none of the specificity needed for the trial court to make a meaningful lodestar determination"). Moreover, this general argument about the pleadings filed and the attendance at depositions and hearings was not made *to the trial court* but, rather, was made for the first time in Appellees' brief to this court. While the trial court would not have had enough information to conduct a lodestar calculation even if it had been presented with these generalities, it most certainly did not have enough information considering that these generalities were only addressed *to us*.

For all of these reasons, we hold that the trial court lacked sufficient evidence to award attorney's fees in the amount of $5,000 to Appellees. Therefore, we sustain Appellant's second issue. This does not mean that an award of attorney's fees is improper but, rather, that the amount awarded in this case is not based on sufficient

evidence on the face of the record. As such, we remand this issue to the trial court for redetermination of the attorney's fees, if any, that should be awarded. *See Rohrmoos*, 578 S.W.3d at 505; *El Apple*, 370 S.W.3d at 765; *Montano*, 414 S.W.3d at 736.

*This Court's Ruling*

Appellees' motion to dismiss the appeal is denied. We affirm the judgment of the trial court insofar as it ordered that Appellant's mechanic's lien on Appellees' homestead be removed from the county records. We reverse the judgment of the trial court insofar as it entered a take-nothing judgment in favor of Appellees on Appellant's claim for breach of contract, and we remand that claim to the trial court for further proceedings. We vacate the trial court's judgment insofar as it awarded $5,000 in attorney's fees to Appellees, and we remand for a redetermination of the proper amount of attorney's fees to be awarded, consistent with this opinion.


W. BRUCE WILLIAMS
JUSTICE


October 28, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.